**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leonard K. HAYS,
Defendant-Appellant.**

**No. 74–1820.**

United States Court of Appeals,
Seventh Circuit.

Argued June 11, 1975.

Decided Sept. 4, 1975.

Rehearing Denied Sept. 17, 1975.

L. Keith Hays, Jr., Champaign, Ill., Steven C. Spencer, Chicago, Ill., for defendant-appellant.

Donald B. Mackay, U. S. Atty., Frederick Weingarten, Asst. U. S. Atty., Springfield, Ill., for plaintiff-appellee.

Before CLARK, Associate Justice,[*] STEVENS, Circuit Judge, and GRANT, Senior District Judge.[**]

PER CURIAM.

Appellant, a certified public accountant, was convicted by a jury of wilfully failing to file his income tax return for the years 1967–1969, inclusive. He asserts the commission of two errors: (1) The court's refusal to permit him to introduce into evidence certain "home environment" evidence; and (2) the introduction of evidence on cross-examination of his conviction for the same offense for the years 1954–1956, inclusive. We affirm.

The proof of appellant's guilt was overwhelming. He admitted not filing his 1969 return but offered the excuse that he feared that by so doing he might jeopardize his daughter's application for a loan. The government's proof was by official computer data compilations, *United States v. Farris,* 517 F.2d 226 (7th Cir. decided May 30, 1975) and showed failure to file during each of the three years charged. The government proved further that appellant's income exceeded $8,000 each year.

Appellant testified that he prepared his tax returns for the years in question but did not remember depositing them in the mail; he worked in one room of his house and kept his records in several brief cases; the room was a jumbled mess; that he could not furnish the government agents any of his records because he could not spend the time going through all of the papers; that he later found some papers but could not ascertain the years to which they were applicable but that he did find one year's computations. On cross-examination he testified that the "jumbled mess" in his house continued from 1961 through 1973; that he arrived at tax calculations for the years 1965–1969, inclusive, and filed his returns for the years 1961–1966, inclusive, and thought that he had filed for the years 1967–1970, inclusive; that he had been a certified public accountant for 30 years and had been preparing other peoples returns for 35 years; that while he kept copies of his client's returns, he never kept copies of his own. Appellant offered to prove that his house had been razed subsequent to the time involved here and that "a portion of its contents" were destroyed along with it; that there was no place within the house where he could maintain an office or facilities to maintain records as are conventionally available; that his records were mixed with newspapers, etc., and that he was unable to keep careful account of his personal papers and belongings, and those relating to his clients on many occasions he lost as a result of those conditions. This evidence was refused. We find no error in this regard. At most it was cumulative of that already received.

As to the introduction by the government on appellant's cross-exami-

---

[*] Associate Justice Tom C. Clark (Retired) of the Supreme Court of the United States is sitting by designation.

[**] Senior District Judge Robert A. Grant of the United States District Court for the Northern District of Indiana is sitting by designation.

nation of his conviction for the identical offenses for the years 1954–1956, inclusive, we find no error. There was proof that appellant had filed his returns for the period 1961–1966, inclusive, which proved that he "knew the law required him to file returns and that he deliberately failed to file . . ." *United States v. McCabe,* 416 F.2d 957, 958 (7th Cir. 1969). The conviction on the earlier tax years buttressed the proof that the violation charged here was willful. *United States v. Farris, supra,* at 7. There was little hiatus between the intervening years, *United States v. Ming,* 466 F.2d 1000, 1009 (7th Cir. 1971). In any event the evidence was harmless in light of appellant's confusion as to the 1969 year and the overwhelming proof as to all years. Especially is this true since the appellant was a certified public accountant of 30 years standing with 35 years income tax experience.

Affirmed.