LEONARD K. HAYS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hays v. Commissioner
Docket No. 2214-79.
United States Tax Court
T.C. Memo 1980-480; 1980 Tax Ct. Memo LEXIS 101; 41 T.C.M. (CCH) 268; T.C.M. (RIA) 80480; October 27, 1980, Filed *101 P, who had knowledge of the requirements for filing Federal income tax returns and of the requirements for paying tax on his income, filed no such returns and paid no such tax, and he kept no adequate books and records and refused to cooperate with the IRS in the investigation of his tax liability. P did not appear at the trial, and the Commissioner moved for default under Rule 123(a), Tax Court Rules of Practice and Procedure, as to the deficiencies in income taxes and additions to tax under sec. 6654, I.R.C. 1954. He relied upon facts deemed admitted under Rules 37(c) and 91(f) to support his claim for the additions to tax under sec. 6653(b), I.R.C. 1954, for fraud and submitted the case under Rule 122.Held, on facts so deemed admitted, the Commissioner has established that the underpayments of tax were due to fraud, and a default judgment will be entered with respect to the deficiencies in income taxes and the additions to tax under sec. 6654. Leonard K. Hays, pro se. Francis J. Emmons, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: In his notice of deficiency, the Commissioner determined the following deficiencies in, and additions to, the petitioner's Federal income taxes: Additions to Tax
Sec. 6653(b)
Sec. 6654
Year
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954
1971
$ 1,828.00 914.00
$ 58.50
1972
3,327.08
1,663.54
106.47
1973
4,375.75
2,187.88
140.02
1974
3,882.71
1,941.36
124.25
1975
402.43
201.22
17.36
1976
209.73
104.87
7.82
*103 The issue to be decided is whether, by relying on facts deemed admitted under Rules 37(c) and 91(f), Tax Court Rules of Practice and Procedure, [2] the Commissioner has carried his burden of proving that any part of the petitioner's underpayment of tax was due to fraud within the meaning of section 6653(b). The petitioner timely filed a petition and an amended petition with this Court, and the Commissioner timely filed his answer in which he denied certain allegations of the petition and in which he included affirmative allegations of fact upon which he relied to support his claim for additions to tax under section 6653(b) for fraud. The petitioner did not reply to such affirmative allegations of fact, and the Commissioner moved, pursuant to Rule 37(c), that such allegations be deemed admitted. Subsequently, we entered an order deeming the facts so alleged to be admitted for the purposes of this case. This case was set for trial at a session of the Court in Chicago, Ill. In advance of such session, the Commissioner filed a motion, pursuant to Rule 91(f), for an order to show cause why certain *104 facts and evidence contained in his proposed stipulation of facts should not be accepted as established for the purposes of this case. Such motion was granted, and the petitioner was ordered to file his written objections to the facts and evidence contained in the proposed stipulation in advance of the session. A hearing on such order was set for the first day of the Chicago trial session. No written objections to the facts and evidence contained in the proposed stipulation were ever filed by the petitioner. When this case was called for trial, there was no appearance by or on behalf of the petitioner. Whereupon, counsel for the Commissioner urged the Court to make absolute the order to show cause under Rule 91(f); such order was made absolute, and the proposed facts and evidence contained in the proposed stipulation of facts were deemed established for purposes of this case. Counsel for the Commissioner also moved for default judgment under Rule 123(a) as to the deficiencies in income taxes and additions to tax under section 6654 for failure to make payments of estimated income tax. Finally, such counsel moved, under Rule 122, to submit the remaining case, arguing that the facts *105 deemed admitted were sufficient to carry his burden of proving fraud. Alternatively, such counsel moved that, if fraud is not found by the Court for any year in issue, we find that the petitioner is liable for the additions to tax under section 6651(a) for filing delinquent returns and under section 6653(a) for negligence. Rule 123(a) provides in part: (a) Default: When any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, he may be held in default by the Court either on motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, or may impose such sanctions (see, e.g., Rule 104) as the Court may deem appropriate. * * * The petitioner has the burden of disproving the Commissioner's determination of deficiencies in income tax. Rule 142(a). Likewise, the petitioner has the burden of proving that the Commissioner's determination of additions to tax under section 6654 was erroneous, specifically that he qualifies under one of the exceptions set forth in section 6654(d). Estate of Ruben v. Commissioner, 33 T.C. 1071 (1960). *106 Since the petitioner did not appear at the trial and offered no evidence, it is clear that we can properly enter a judgment of default with respect to the deficiencies in income tax and additions to tax under section 6654 determined by the Commissioner. The only issue remaining is whether to sustain the Commissioner's determination of fraud. The Commissioner has the burden of proving fraud by clear and convincing evidence. Rule 142(b); sec. 7454(a); Miller v. Commissioner, 51 T.C. 915, 918 (1969). He must show that the taxpayer intended to evade taxes which he knew or believed he owed, by conduct intended to conceal, mislead, or otherwise present the collection of such taxes. Stoltzfus v. United States, 398 F. 2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Webb v. Commissioner, 394 F. 2d 366, 377 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner, 26 T.C. 107, 112-113 (1956). The presence or absence of fraud is a factual question to be determined by an examination of the entire record. Mensik v. Commissioner, 328 F. 2d 147, 150 (7th Cir. 1964), *107 affg. 37 T.C. 703 (1962), cert. denied 379 U.S. 827 (1964); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). Since fraud can seldom be established by direct proof of intention, the taxpayer's entire course of conduct can often be relied on to establish circumstantially such fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner, supra at 105-106. Usually, the Commissioner seeks to meet his burden at a trial where the facts are established by testimony of witnesses and the introduction of documentary evidence. However, in a number of cases, the Commissioner has sought to carry his burden by relying on facts deemed admitted in accordance with the Rules of this Court. In Strachan v. Commissioner, 48 T.C. 335 (1967), the Court held that the Commissioner had proved fraud by clear and convincing evidence when he relied upon facts deemed admitted under the predecessor of Rule 91(f), and in Gilday v. Commissioner, 62 T.C. 260 (1974), the Court also held that the Commissioner had proved fraud based on facts deemed admitted under Rule *108 37(c). The following facts have been deemed admitted or otherwise established for purposes of this case: At the time he filed his petition in this case, Mr. Hays maintained his legal residence in White Heath, Ill. During the years 1971 through 1976, Mr. Hays was married. During 1971 through 1976, Mr. Hays was a certified public accountant and practiced such profession under the name of Leonard K. Hays & Co. He has practiced accounting for over 35 years. During such period, he has prepared Federal income tax returns on behalf of clients and has represented taxpayers before the Internal Revenue Service. Mr. Hays received an undergraduate degree from the University of Illinois and taught accounting at such institution for 2 years. Also, Mr. Hays attended law school at such institution for 2 years, but he did not obtain a law degree. In 1974, Mr. Hays was convicted of willfully failing to file individual Federal income tax returns for the years 1967, 1968, and 1969. Such conviction was affirmed by the Court of Appeals for the Seventh Circuit. See United States v. Hays, 525 F. 2d 455 (1975). No petition for certiorari was filed by Mr. Hays. Previously, *109 Mr. Hays had been convicted of willfully failing to file returns for 1954, 1955, and 1956. Mr. Hays properly filed returns for 1965, 1966, and 1970. During the years 1971 through 1976, Mr. Hays performed accounting services for various persons and companies and received income in the form of fees for such services of at least the following amounts [3]: Year
Amount
1971
$ 7,171.00
1972
8,800.00
1973
14,010.00
1974
9,945.00
1975
2,651.02
1976
2,275.00
*110 Mr. Hays failed to file Federal income tax returns for each of the years 1971 through 1976 and failed to pay any portion of his tax liability for each of such years. Also, he failed to maintain complete and adequate books and records of the operation of his accounting practice for each of the years in issue, and he refused to cooperate with the Commissioner's agents during the course of their investigation and refused to furnish such agents any information relating to his tax liability for such years. In our judgment, the facts and evidence deemed established in this case are sufficient to carry the Commissioner's burden. The petitioner did not file a return for any of the years in issue, although he had sufficient income in each of such years to require the filing of a return, nor did he pay any portion of his tax liability for such years. While willful failure to file a timely return, without more, does not establish fraud within the meaning of section 6653(b), such failure may properly be considered in connection with other facts in determining whether any deficiency or underpayment of tax is due to fraud. Stoltzfus v. United States, supra; Beaver v. Commissioner, 55 T.C. 85, 93 (1970). *111 The petitioner is a licensed certified public accountant, who practiced as such during the years in issue. He has practiced accounting for over 35 years and taught accounting for 2 years at the Univeristy of Illinois. Although not a specialist in tax accounting, the petitioner has prepared Federal income tax returns on behalf of his clients and has represented clients before the IRS. In addition, he filed income tax returns for 3 of the 6 years immediately preceding the years in issue and was prosecuted and convicted of willfully failing to file income tax returns for the other 3 years. Previously, he had been prosecuted and convicted for willfully failing to file returns for 1954, 1955, and 1956. Such evidence clearly indicates that the petitioner was aware of his obligation to file returns and that his failure to do so constituted a willful attempt to evade tax. See Beaver v. Commissioner, supra.
Moreover, the petitioner failed to maintain complete and adequate books of account and records of his accounting practice essential to a determination of his correct income tax liability for any of the years in issue. He refused to cooperate with the Commissioner's *112 agents during the course of their audit and refused to provide any information which would assist these agents in determining his correct tax liabilities. Such failure to maintain adequate books and records of his income when combined with his failure to cooperate and failure to file income tax returns for several successive years is strong evidence of fraud. Powell v. Granquist, 252 F. 2d 56, 61 (9th Cir. 1958). No credible excuse has been advanced by the petitioner for his acts and omissions during the years in issue. In view of all of these circumstances, we hold that his failure to file returns for the years 1971 through 1976 and his failure to pay any portion of his tax liability for such years was due to fraud within the meaning of section 6653(b). In view of that conclusion, we need not determine whether he is liable for additions to tax under section 6651(a) for delinquency and under section 6653(a) for negligence. An appropriate order and decision will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. All references to a Rule are to the Tax Court Rules of Practice and Procedure.↩
3. There are some discrepancies among the deficiency notice, the affirmative allegations of the answer, and the proposed stipulation. For the purpose of determining whether any part of the underpayment of tax in each year is due to fraud, we have set forth the minimum amount of income received by Mr. Hays in each of the years in issue. However, since we will enter a default judgment against Mr. Hays with respect to the deficiencies in income tax and the additions to tax under sec. 6654, the amounts of those deficiencies and additions to tax set forth in the notice of deficiency will be used for purposes of computing such deficiencies and additions as well as any addition to tax under sec. 6653(b)↩.