JOSEPH M. AND MARY BRUNO, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Bruno v. Commissioner
Docket Nos. 1785-87; 1786-87; 1787-87; 26795-87
United States Tax Court
T.C. Memo 1990-109; 1990 Tax Ct. Memo LEXIS 99; 59 T.C.M. (CCH) 21; T.C.M. (RIA) 90109; March 5, 1990
Joseph G. Gindhart, for the petitioners. Lisa Primavera-Femia, for the respondent. SCOTT *130 SCOTT, Judge: This case was assigned to Special Trial Judge Carleton D. Powell pursuant to section 7443A(b)(4) of the Internal Revenue Code of 1986 and Rule 180 et seq.[2] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. *101 OPINION OF THE SPECIAL TRIAL JUDGE POWELL, Special Trial Judge: In these consolidated cases, respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Joseph M. Bruno
Docket No. 1787-87 Additions to Tax
Year
Deficiency
§ 6651(a)(1)
§ 6653(a)
§ 6654
1976
$ 1,752
$ 440
$ 88
$ 65
1978
$   704
-0-
-0-
-0- J.M. Bruno Realty, Inc. Docket No. 1786-87
Additions to Tax
Year
Deficiency
§ 6653(b)
§ 6654
1978
$ 32,742
$ 16,371
$   951
1979
41,905
20,953
1,459
1980
14,872
7,436
864
Joseph M. and Mary Bruno
Docket No. 26795-87
Additions to Tax
Year
Deficiency
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
1981
$ 47,097
$ 11,774
$ 2,359
50% of the
interest due
on $ 47,097
Joseph M. and Mary Bruno
Docket No. 1785-87
Additions to Tax
Year
Deficiency
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6661
1982
$ 9,085
$ 454
$ 567
50% of the
$ 909
interest due
on $ 9,085
After *102 concessions, the issues for decision are as follows: Joseph M. Bruno
Docket No. 1787-87
1976
(1) Whether petitioner received and failed to report income in the amount of $ 14,284. (2) Whether petitioner is liable for the addition to tax under sections 6651(a)(1), 6653(a) and 6654. J.M. Bruno Realty, Inc. Docket No. 1786-87 1979
*131 (3) Whether petitioner-corporation received and failed to report income from sale commissions and from the sales of property. 1978, 1979, 1980
(4) Whether petitioner-corporation is entitled to a deduction for amounts withdrawn from its account for the personal use of its sole shareholder. (5) Whether petitioner-corporation is liable for the addition to tax under section 6653(b). In the alternative, whether petitioner-corporation is liable for the addition to tax under section 6651(a)(1). Joseph M. and Mary Bruno Docket No. 26795-87 1981
(6) Whether petitioners are entitled to a deduction for amounts paid to pilots. (7) Whether petitioners received and failed to report income in the amount of $ 10,142. (8) Whether petitioners are liable for investment tax credit recapture of $ 9,895. (9) Whether petitioners *103 are liable for the addition to tax under sections 6651(a)(1) and 6653(a)(1) and (2). Joseph and Mary Bruno Docket No. 1785-87
1982
(10) Whether petitioners received and failed to report income in the amount of $ 15,000. (11) Whether petitioners recognized $ 10,000 in long term capital gain. (12) Whether petitioners overstated the depreciation deduction on property located at 30 S. Maine Avenue, Atlantic City, New Jersey by $ 7,687. (13) Whether petitioners received and failed to report interest income of $ 600. (14) Whether petitioners are liable for the addition to tax under sections 6651(a)(1), 6661, and 6653(a)(1) and (a)(2). FINDINGS OF FACT AND OPINION Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein. For clarity we have combined our findings of facts and opinion for each docket number. Petitioners Joseph M. Bruno and Mary Bruno are, and were during the years in issue, married to each other. At the time the petitions were filed, Joseph Bruno resided in Atlantic City, New Jersey, Mary Bruno resided in Hazelton, Pennsylvania. J.M. Bruno Realty, Inc., was incorporated in and *104 had its principal place of business in the State of New Jersey. Joseph M. Bruno (1976)
Prior to 1977, Joseph M. Bruno (Bruno), his wife, Mary Bruno, and their children lived in Hazelton, Pennsylvania. Bruno owned and operated a clothing goods store which went out of business in 1976, leaving creditors unpaid. Neither Bruno nor his wife filed a tax return for 1976. They claim they had no income in 1976 and that all living expenses for themselves and their five children were provided entirely by relatives. Respondent determined that Bruno had income in the amount of $ 14,284 in the year 1976 by using the Bureau of Labor Statistics (BLS) estimate for the average yearly cost of living for a family of seven at a low standard of living. Respondent then determined a deficiency in Bruno's Federal tax liability based upon the BLS estimate and further determined that Bruno was subject to additions to tax for failure to file a return (section 6651(a)(1)), for failure to pay an estimated tax (section 6654), and for negligence (section 6653(a)). This Court has approved respondent's use *105 of BLS statistics to reconstruct a taxpayer's income. Burgo v. Commissioner, 69 T.C. 729, 749 (1978); Giddio v. Commissioner, 54 T.C. 1530, 1532 (1970). Once respondent does so, the burden is on petitioner to demonstrate that respondent's determination is erroneous. Burgo v. Commissioner, supra at 750. The only evidence Bruno presented on this issue was his own testimony. He did not present bank statements or other records to indicate that he received no income in 1976. Furthermore, no member of the Brunos' family testified that he or she provided support for Bruno, his wife and children, nor did Bruno show that they were unavailable to testify. The failure of a party to introduce evidence which is within his control gives rise to the presumption that, if provided, it would be unfavorable. O'Dwyer v. Commissioner, 28 T.C. 698 (1957), affd. 266 F.2d 575, 584 *132 (4th Cir. 1959), cert. denied 361 U.S. 862 (1959). Petitioner's self-serving testimony, unsupported by any other evidence, *106 is insufficient to overcome respondent's presumption of correctness. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). We therefore sustain respondent's determination that petitioner had $ 14,284 in unreported income. Petitioner also bears the burden of proving respondent's determination that petitioner is liable for the additions to tax is erroneous. Welch v. Helvering, supra; Rule 142(a). Petitioner presented no evidence on these issues. Petitioner's failure to file a return and to maintain books and records of his income support respondent's determination of the additions to tax for negligence and failure to file. Denison v. Commissioner, 751 F.2d 241 (8th Cir. 1984), affg. a Memorandum Opinion of this Court. Since petitioner presented no evidence that he made estimated tax payments on the income he received, the addition to tax under section 6654 applies. Based on the foregoing, we sustain respondent's determination that petitioner is liable for the additions to tax for the tax year 1976. J.M. Bruno Realty, Inc. *107 (1978-1980)
Early in 1977, Bruno left his wife and children and moved to Atlantic City, New Jersey to invest in real estate. Once in Atlantic City Bruno became associated with a real estate business owned by Arnold Lieberman. Allegedly to shield his income from Pennsylvania creditors, Bruno organized a corporation, J.M. Bruno Realty, Inc. (Bruno Realty), the petitioner in Docket No. 1786-87. Bruno opened a bank account in the corporate name and made deposits to that account. However, the corporation never applied for a tax identification number or for a New Jersey real estate license, and did not file Federal income tax returns during the three years it existed. Income From Sales of Property
During 1978, 1979 and 1980, Bruno and Lieberman, acting through their corporations, actively bought and sold land in Atlantic City. In 1979 Bruno Realty and Lieberman's wholly-owned corporation, Matt-Reb, Inc., received purchase money mortgages resulting from the sale of properties at 510 Oriental Avenue, 200-202 S. Massachusetts, 114 S. Massachusetts, 124 S. Metropolitan Avenue and 20 S. Rhode Island Avenue (the disputed properties). By agreement between Lieberman and Bruno, *108 Matt-Reb and Bruno Realty shared gains from these transactions. Respondent and petitioners disagree upon the capacity in which Bruno Realty received the mortgages. Respondent claims that Bruno Realty received the mortgages as owner of an interest in the disputed properties while petitioners claim the mortgages were sales commissions payable to Bruno individually. The following evidence indicates Bruno Realty owned an interest in the property and therefore received the mortgages as payment for the transfer of its interest in the property. First, the mortgages list Bruno Realty as payee. Second, Lieberman testified that Bruno Realty was a partner of his corporation, Matt-Reb, in these properties. Third, interest payment checks were payable to Bruno Realty. Fourth, Bruno Realty admits that it had an ownership interest in other parcels of property which were sold as part of the same package. Fifth, there is no suggestion that Bruno individually reported the income that respondent determined was earned by and taxable to Bruno Realty. Petitioner, on the other hand, relies on the fact that Bruno Realty does not appear in the chain of title of the properties. In light of the other *109 facts, however, petitioner's case is unpersuasive. We find that Bruno Realty realized and recognized unreported gain on the sale of the properties. Commission Income
In 1979, the following sales commissions checks were deposited to the account of Bruno Realty: Property
Amount
1329 Pacific Avenue
$  2,300
Blk 151 Lot 19
5,725
Kirkman Blvd.
410 Pacific Ave.
1,250
245 S. Vermont Ave.
7,500
505 Oriental Ave.
1,080
124 S. Metropolitan Ave.
600
223 S. Rhode Island Ave.
900
120 S. Tennessee Ave.
1,850
245 S. Vermont Ave.
25,000
238-242 S. Massachusetts Ave.
2,500
Montpelier Ave.
7,500
In his notice of deficiency, respondent determined that these checks and an additional $ 10,000 deposited to the account of Bruno Realty at the Atlantic National Bank constituted gross income to Bruno Realty. [3] Petitioner *133 contends these amounts were Bruno's income and not the income of Bruno Realty. Petitioner's first argument is that Bruno Realty was not a licensed *110 real estate broker and therefore could not legally receive the commissions. However, petitioner has not convinced us that New Jersey law makes it illegal for non-licensed brokers to receive commissions. Petitioner has only shown that under New Jersey case law claimants must be a licensed broker in order to maintain an action for recovery of brokerage commissions. See Tanenbaum v. Sylvan Builders, Inc., 29 N.J. 63, 148 A.2d 176 (1959); N.J. Stat. Ann. § 45:15-1 et seq. (West 1978). In all events, even if it were illegal for Bruno Realty to receive the commissions, the income received by it would still be taxed to Bruno Realty. See Traficant v. Commissioner, 89 T.C. 501 (1987), affd. 884 F.2d 258 (6th Cir. 1989) (illegally received income is taxable). Petitioners' second argument is that Bruno earned the income in his individual capacity and then deposited the checks in the corporate account. Therefore the assignment of income principles developed in Lucas v. Earl, 281 U.S. 111 (1930), and its progeny cause the commissions *111 to be included in the gross income of Bruno individually. We find this argument to be without merit. While it is sometimes difficult to apply these principles in cases involving personal service corporations, the fact here is that Bruno Realty held itself out as a broker and received the commissions on sales of real property. Accordingly, there is no assignment of the income from Bruno to Bruno Realty. We sustain respondent's determinations. Salary Deductions
On numerous occasions Bruno withdrew funds from the bank account of Bruno Realty to pay his personal expenses. Petitioner now contends these withdrawals were compensation to him and therefore are deductible by the corporation under section 162. Respondent determined these withdrawals were dividends and therefore not deductible by the corporation. This Court has held that payments are deductible as compensation only if they are made with the intent to compensate, with such intent to be determined from the particular facts and circumstances of the case. Paula Construction Co. v. Commissioner, 58 T.C. 1055, 1058-1059 (1972), *112 affd. without published opinion 474 F.2d 1345 (5th Cir. 1973). Because Bruno controlled Bruno Realty, the Court must give close scrutiny to the relevant facts in determining whether the withdrawals were compensation or dividends. Mennuto v. Commissioner , 56 T.C. 910, 921 (1971). In the case before us, we conclude that petitioner has not demonstrated the requisite intent to be entitled to the compensation deduction. Aside from the fact that substantial services were performed, nothing in the record indicates that compensation was either paid or intended to be paid. During its existence, Bruno Realty did not keep books or records of its activities, never adopted corporate resolutions to pay Bruno a salary nor filed W-2 statements reporting compensation paid to Bruno. Since neither Bruno nor Bruno Realty filed tax returns for the years in question, we are unable to look to the returns for evidence of their intent at the time Bruno made the withdrawals. Furthermore, because Bruno owned 100% of the stock of Bruno Realty and all withdrawals were on behalf of Bruno all distributions were consequently in proportion to Bruno's stock ownership. This does *113 not help petitioner's claim. Additionally, if Bruno Realty were Bruno's only source of income, it would not be unreasonable to infer the existence of an agreement between the two to pay Bruno a salary. However, this is not the case here. Bruno was an officer of at least five other corporations during this period and had considerable income from the commissions earned individually. Petitioner has not convinced us that at the time the withdrawals were made they were intended to be compensation for services performed. Accordingly, we hold that petitioner is not entitled to deduct any amount as compensation for the years in question. Additions to Tax
Respondent argues that failure by Bruno Realty to report income and file tax returns for 1978, 1979 and 1980 is due to fraud. Respondent must prove fraud by clear and convincing evidence. Sec. 7454; Rule 142(b). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner, 67 T.C. 181 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). *114 Respondent must prove that petitioner acted with specific intent to evade taxes that he knew or believed he owed. Stephenson v. Commissioner, 79 T.C. 995 (1982), affd. 748 F.2d 331 (6th Cir. 1984). In the case of a corporate taxpayer, the requisite intent must be imputed through the intent of the controlling individual through fraudulent handling of corporate transactions. American Lithofold Corp. v. Commissioner, 55 T.C. 904 (1971). Fraud is never presumed, but rather must be established by independent evidence. Beaver v. Commissioner, 55 T.C. 85 (1970). Fraud may be proven by circumstantial evidence and reasonable inferences drawn from the facts because direct proof of the taxpayer's *134 intent is rarely available. Spies v. United States, 317 U.S. 492 (1943); Stephenson v. Commissioner, supra.The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Rowlee v. Commissioner, 80 T.C. 1111 (1983). Courts have considered a number of indicia *115 of fraud in deciding section 6653(b) cases. Although no single factor is necessarily sufficient to establish fraud, the existence of several indicia is persuasive circumstantial evidence of fraud. Petzoldt v. Commissioner, 92 T.C. 661, 700 (1989). These indicia of fraud include: (1) understatement of income, (2) maintenance of inadequate records, (3) failure to file tax returns, (4) implausible or inconsistent explanations of behavior, (5) concealment of assets and (6) failure to cooperate with tax authorities. Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. a Memorandum Opinion of this Court. After reviewing the facts of this case, we conclude that Bruno Realty, acting through Bruno, its sole shareholder, intended to evade taxes that it knew were due by conduct intended to conceal, mislead and prevent the collection of taxes. Indeed, Bruno attempted to conceal the very existence of Bruno Realty from respondent by failing to apply for an Employer Identification Number and by using his own social security number on the bank account of the corporation. A number of the indicia of fraud listed in Bradford are present here. *116 Petitioner-corporation had large amounts of income in the years at issue but did not file returns for these years to report receipt of this income. A repeated failure to report substantial amounts of income is evidence of fraudulent intent. Gromacki v. Commissioner, 361 F.2d 727 (7th Cir. 1966), affg. a Memorandum Opinion of this Court. Petitioner-corporation did not file returns for 1978, 1979 or 1980 even though it actively engaged in real estate transactions. Failure to file for three consecutive years despite receiving large amounts of income "is persuasive circumstantial evidence of fraud." Marsellus v. Commissioner, 544 F.2d 883, 885 (5th Cir. 1977), affg. a Memorandum Opinion of this Court. The failure of Bruno Realty to maintain adequate records is further evidence of an attempt to conceal income and manifests an intent not to pay the tax. Grosshandler v. Commissioner, 75 T.C. 1 (1980). Bruno's prior history of filing corporate tax returns when in business in Pennsylvania indicates that he was aware of his duty to file tax returns. United States v. McCabe, 416 F.2d 957 (7th Cir. 1969), cert. denied *117 396 U.S. 1058 (1970). The evidence produced by respondent clearly and convincingly proves Bruno Realty's fraudulent intent to evade taxes for the years in question. Accordingly, we find petitioner liable for the addition to tax under section 6653(b) as determined by respondent. Joseph Bruno and Mary Bruno (1981 and 1982)
Deductions for Pilot Wages
During 1981 Bruno conducted business as an individual. Bruno alleges that in 1981 he used an airplane to fly prospective customers into Atlantic City, thereby incurring a business expense of $ 10,911 in salaries to two pilots. Bruno deducted this amount as an ordinary and necessary business expense under section 162 on his joint return. Respondent disallowed the deduction for failure to substantiate the expense. The only documentary evidence petitioners presented was a Form 940, Employers Annual Federal Unemployment Tax Return, a Form W-3 Transmittal form and an Internal Revenue Service bill for the unpaid amount of a penalty. Generally, taxpayers are required to substantiate claimed deductions and credits by maintaining *118 some type of records. See section 1.6001-1(a), Income Tax Regs. Under certain circumstances, where petitioner has no records to substantiate claimed deductions, we are permitted to estimate expenses when we are convinced from the record that the taxpayer has incurred such expenses. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). However, in order to make an estimation, "there [must] be sufficient evidence to satisfy the trier that at least the amount allowed in the estimate was, in fact, spent or incurred for the stated purpose." Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). Until the Court has that assurance from the record, relief to the taxpayer would be "unguided largesse." Williams v. United States, supra ; Cohan v. Commissioner, supra at 544. Accord Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). The evidence petitioner offered at trial consisted of tax returns and his own testimony. However, tax returns are not proof of the statements made therein. Halle v. Commissioner, 7 T.C. 245 (1946), affd. *119 175 F.2d 500 (2d Cir. 1949). Additionally, we are not required to accept petitioner's self-serving testimony as gospel. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). We find that Bruno's testimony on this issue and on all issues to be unreliable. We therefore sustain respondent's *135 determination on this issue and do not allow the deduction. Other Issues
As to the remaining issues in Docket No. 26795-87 and all issues in docket No. 1785-87, the Court is unable to find any evidence presented by petitioner to rebut respondent's notice of deficiency. The burden of proof is on petitioner on these issues. Welch v. Helvering, supra; Rule 142(a). Because of petitioner's failure to present any evidence on these issues, we sustain respondent's determinations. To reflect concessions made by the parties and decisions made herein, Decisions will be entered for the respondent in docket Nos. 1785-87, 1787-87, and 26795-87. Decision will be entered under Rule 155 in docket No. 1786-87. Footnotes
1. Cases of the following petitioners are consolidated herein: Joseph M. and Mary Bruno, docket No. 1785-87; J.M. Bruno Realty, Inc., docket No. 1786-87; Joseph M. Bruno, docket No. 1787-87; Joseph M. and Mary Bruno, docket No. 26795-88.↩
2. All subsequent references are to the Internal Revenue Code of 1954, as amended, and as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided.↩
3. The parties have stipulated that the commission checks for 124 S. Metropolitan Avenue and 505 Oriental Avenue are not includable in the income of Bruno Realty.↩