T.C. Memo. 1999-204

UNITED STATES TAX COURT

R. SCOT STOKES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8936-97.                    Filed June 21, 1999.

John R. Riley, for petitioner.

David W. Sorensen, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, Judge:  Respondent determined a deficiency of $25,318
in petitioner's Federal income tax for 1994 and an accuracy-
related penalty of $4,916 under section 6662(a).

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

After settlement, the primary issue for decision is whether a trust[1] that petitioner established is to be disregarded for Federal income tax purposes and whether petitioner is to be charged with gain from sale of a business.

FINDINGS OF FACT

Some of the facts are stipulated and are so found.

At the time the petition was filed, petitioner resided in Salt Lake City, Utah.

In 1991, petitioner moved to Butte, Montana, and acquired ownership of a business that owned and operated a pizza restaurant.

In July of 1994, petitioner moved from Butte, Montana, to Salt Lake City, Utah.

On August 1, 1994, with assistance from an organization called the National Association of Financial and Estate Planners (Financial Planning Co.), petitioner entered into an annuity contract and formed a so-called annuity trust, and petitioner purportedly transferred all of the property and assets of the

---

[1]     By mere use of the term "trust" we intend no implication as to whether the trust should be recognized for Federal income tax purposes.

pizza business to the annuity trust in exchange for a joint and survivor annuity.[2]

Under provisions of the annuity contract, petitioner and his wife are not to begin receiving annuity payments until November 15, 2023. Thereafter, petitioner and his wife are to receive $4,734 a month for the remainder of their lives. The annuity trust, however, is entitled to make current distributions of trust property to the named beneficiaries of the trust who were all members of petitioner's family.

In documents associated with transfer of the pizza business to the annuity trust, the pizza business is stated to have a value of $152,000, and petitioner is stated to have a tax basis in the business of $75,376.

David J. Orr (Orr) and Barry Crosby (Crosby), employees of Financial Planning Co., were named as trustees of the annuity trust, but they were not independent, and they did not function in any meaningful way as trustees of the trust. Petitioner was

---

[2]     There is some evidence in the record that indicates that petitioner's pizza business was owned by a closely held corporation, the stock in which was owned by petitioner and his wife, and that the transfer of the pizza business to the annuity trust took the form of a stock transfer. Other evidence, however, indicates that the transfer of the pizza business to the annuity trust took the form of a transfer of the underlying property and assets of the business. Petitioner does not dispute respondent's treatment of the transfer as a transfer of the underlying property and assets.

named as manager of the annuity trust. Petitioner controlled the trust and was a signatory on the trust bank accounts.

On August 17, 1994, the annuity trust sold the property and assets of the pizza business to Jerry Beagley (Beagley) and Douglas Lundell (Lundell) for a price of $152,000. The $152,000 total stated sales price was to be paid by Beagley and Lundell as follows: $50,000 as a cash downpayment, assumption of a $15,556 loan, and monthly payments of $1,516 until the balance of $86,444 is fully paid.

In 1994, Beagley and Lundell paid to the trust the $50,000 cash downpayment plus $6,063 reflecting 4 months of installment payments. The amount of installment payments made by Beagley and Lundell after 1994 to the annuity trust is not in evidence.

In 1994, funds were distributed by the annuity trust to petitioner's children as beneficiaries of the annuity trust. The specific amount of funds distributed by the annuity trust to petitioner's children is not in evidence.

In 1995 and later years, petitioner received fees from Orr for referring to Orr various individuals for establishment of other annuity trusts.

Petitioner timely filed his 1994 individual Federal income tax return, and petitioner did not report thereon any income relating to transfer of the pizza business to the annuity trust or relating to sale of the pizza business to Beagley and Lundell.

There was filed on behalf of the annuity trust a 1994 fiduciary Federal income tax return on which there was reported no income relating to sale of the pizza business to Beagley and Lundell.

On audit, respondent determined that the annuity trust was a sham and that the $56,063 in proceeds received in 1994 from Beagley and Lundell relating to sale to them of the pizza business is to be treated as received by petitioner.[3]

OPINION

Gross income includes all income from whatever source derived. See sec. 61(a). As a fundamental principle of Federal income tax law, income is taxed to the person who earns the income. See United States v. Basye, 410 U.S. 441, 450 (1973); Commissioner v. Culbertson, 337 U.S. 733, 739-740 (1949); Lucas v. Earl, 281 U.S. 111, 114-115 (1930); Holman v. United States, 728 F.2d 462, 464 (10th Cir. 1984); Leavell v. Commissioner, 104 T.C. 140, 148 (1995).

Tax laws do not recognize as valid for tax purposes sham transactions or transactions that have no economic substance.

---

[3] The $56,063 received in 1994 ($50,000 downpayment and $6,063 in total monthly installment payments) is treated by respondent as taxable income to petitioner based on a gross profits percentage of .5616 or $31,485. Also, under secs. 1245 and 1250, on sale of the pizza business depreciation recapture income of $62,426 relating to property of the pizza business is charged by respondent to petitioner as taxable income.

See Higgins v. Smith, 308 U.S. 473, 477 (1940); Uri v. Commissioner, 949 F.2d 371, 374 (10th Cir. 1991), affg. T.C. Memo. 1989-58. Where establishment of trusts has no real economic effect, the substance of the transactions involving the trusts will control over the form. See Zmuda v. Commissioner, 731 F.2d 1417, 1420-1421 (9th Cir. 1984), affg. 79 T.C. 714, 719 (1982); Markosian v. Commissioner, 73 T.C. 1235, 1241 (1980); Christal v. Commissioner, T.C. Memo. 1998-255. Sham trusts are treated as lacking in economic substance and as constituting a nullity for Federal income tax purposes. See Hanson v. Commissioner, 696 F.2d 1232, 1234 (9th Cir. 1983), affg. per curiam T.C. Memo. 1981-675; Markosian v. Commissioner, supra; Wenz v. Commissioner, T.C. Memo. 1995-277.

In general, respondent's determinations in notices of deficiency are presumed correct, and taxpayers bear the burden of proof. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Schelble v. Commissioner, 130 F.3d 1388, 1391 (10th Cir. 1997), affg. T.C. Memo. 1996-269.

The failure of a party to introduce at trial evidence that is within the party's control gives rise to a presumption that the evidence, if provided, would be unfavorable to the party who has control over the evidence. See O'Dwyer v. Commissioner, 266 F.2d 575, 584 (4th Cir. 1959), affg. 28 T.C. 698 (1957); Stoumen v. Commissioner, 208 F.2d 903, 907 (3d Cir. 1953), affg. a

Memorandum Opinion of this Court dated Mar. 13, 1953; <u>Wichita
Terminal Elevator Co. v. Commissioner</u>, 162 F.2d 513, 516 (10th
Cir. 1947), affg. 6 T.C. 1158, 1164 (1946); <u>Cluck v.
Commissioner</u>, 105 T.C. 324, 338 (1995); <u>Bruno v. Commissioner</u>,
T.C. Memo. 1990-109.

Generally, the Court is not required to accept the
self-serving testimony of interested parties.  See <u>Day v.
Commissioner</u>, 975 F.2d 534, 538 (8th Cir. 1992); <u>Geiger v.
Commissioner</u>, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per
curiam T.C. Memo. 1969-159; <u>Sharwell v. Commissioner</u>, 419 F.2d
1057, 1060 (6th Cir. 1969), vacating and remanding on other
issues T.C. Memo. 1968-89; <u>Tokarski v. Commissioner</u>, 87 T.C. 74,
77 (1986); <u>Surloff v. Commissioner</u>, 81 T.C. 210, 239 (1983).

Petitioner argues that the annuity trust constituted a valid
business entity that should be recognized for Federal income tax
purposes and that gain from sale of the pizza business to Beagley
and Lundell should be charged to petitioner only as annuity
payments are received by petitioner and his wife beginning in the
year 2023.  Respondent contends that the annuity trust
constituted a sham trust that lacked economic substance, that the
annuity trust was used only for tax avoidance purposes, and that
proceeds received in 1994 relating to sale of the pizza business
to Beagley and Lundell should be charged to petitioner.  We agree
with respondent.

After the annuity trust was established and the pizza business was purportedly transferred to the trust, there appears to have been no meaningful change in the operation or control of the pizza business. Petitioner continued as manager of the business. The evidence suggests that the named trustees of the trust (Orr and Crosby) were not independent and performed no significant duties in connection with the pizza business. The beneficiaries of the trust were members of petitioner's family.

At trial, other than a summary document entitled "Memorandum of Trust", there was not admitted into evidence the original or a copy of any signed trust document. Petitioner was the sole witness who testified at trial, and his self-serving testimony was not credible. None of the alleged trustees or other persons involved in the annuity trust was called as a witness. Petitioner has not satisfied his burden of proving that the annuity trust did not constitute a sham trust. See Rule 142(a). For Federal income tax purposes, the annuity trust is to be treated as a sham, and petitioner is to be treated as taxable on the proceeds received in 1994 and on the depreciation recapture income relating to sale of the pizza business to Beagley and Lundell.

In light of our holding on the above issue, we need not address an alternative argument made by respondent that, under

the grantor trust rules, petitioner should be taxed on gain from sale of the pizza business.

With regard to the accuracy-related penalty determined by respondent, petitioner makes no separate argument, and we sustain respondent's determination of the accuracy-related penalty.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.