UNITED STATES of America,
Plaintiff-Appellee,

v.

Morgan L. McCABE, Defendant-
Appellant.

No. 16903.

United States Court of Appeals
Seventh Circuit.

Sept. 9, 1969.

Rehearing Denied Oct. 7, 1969.

Edward J. Calihan, Jr., Chicago, Ill., Morgan L. McCabe, Milwaukee, Wis., for defendant-appellant.

James B. Brennan, U. S. Atty., Milwaukee, Wis., Roch Carter, Robert J. Lerner, Asst. U. S. Attys., Milwaukee, Wis., for plaintiff-appellee.

Before SWYGERT, FAIRCHILD and CUMMINGS, Circuit Judges.

FAIRCHILD, Circuit Judge.

Morgan McCabe was convicted of willfully failing to file income tax returns for 1960, 1961, and 1962.[1] He was sentenced to 45 days' imprisonment and fines aggregating $3,000.

Jury trial was waived. The parties stipulated that McCabe had gross incomes in these years ranging from $35,-000 to $38,000 and that he had not filed. The only remaining issue was whether or not the failure was wilful. McCabe claimed a belief that he was not required to file since his returns would show no taxable income.

The government produced proof from which it could readily be inferred that McCabe knew he was required to file.

As a result of prodding by state authorities he had, in 1960, filed state and federal returns for 1957, 1958, and 1959. Those returns were prepared by an attorney and showed net losses.

On April 17, 1962, Mr. McCabe applied for an extension to June 15 of the time within which to file for 1961. He noted in his letter that his return would show a tax loss. He also stated that he

1. 26 U.S.C. § 7203.

958

had been ill during most of 1961 and part of 1962. The extension was granted. At trial there was proof that he had no such extended illness.

On April 15, 1963, he applied for an extension to June 15 of the time within which to file for 1962. He stated that returns had not been filed for 1960 and 1961 and gave the same reason for not filing for those years as for the need for an extension, i. e., a description of what he termed "problems and frustrations" concerning companies in which he was interested and the resulting effect on his health. He stated he had employed a Miss Dunn to compile information so that his lawyer could file returns for all three years. The extension was granted.

Although McCabe was indicted in August, 1966, he still had not filed returns at the time of trial in October, 1967.

The evidence referred to would amply support findings that defendant knew the law required him to file returns and that he deliberately failed to file without justifiable excuse. Such failure necessarily prevented the government from knowing the extent of his tax liability, and his intent so to prevent it may be inferred. These elements, taken together, amount to wilfulness.[2] The government was not required to prove that McCabe owed any tax.[3]

McCabe testified that he did not file because of his belief that he had no taxable income for those years and that a return is not required unless one has $600 of taxable income. The district judge was, and could properly be, convinced that McCabe did not believe that returns were not required.

McCabe also showed that no set of business books had been kept during the years in question. In early 1967 the attorney who represented him at trial recovered his canceled checks from Miss Dunn and a set of books and computa-

tions of income were prepared. Although the computations showed no taxable income for each of the years, this resulted from carrying losses forward and back from other years. $13,000 of 1963 loss was carried back to 1961 and 1962 and $8,000 of 1964 loss to 1962. McCabe did not, of course, know of these losses at the time he was required to file for 1961 and 1962. Although this proof tends to support one branch of his claim, i. e., that he believed a return would show no net income, with respect to 1960, it does not even support that proposition with respect to 1961 and 1962.

We conclude that the finding of wilfulness was amply supported.

The judgment is affirmed.

2. United States v. Murdock (1933), 290 U.S. 389, 396, 54 S.Ct. 223, 78 L.Ed. 381, 386; Yarborough v. United States (4th Cir., 1956), 230 F.2d 56, cert. den., 351 U.S. 969, 76 S.Ct. 1034, 100 L.Ed. 1487.

3. United States v. Gorman (7th Cir., 1968), 393 F.2d 209, 213.