UNITED STATES of America,
Plaintiff-Appellee,

v.

Kenneth R. FARRIS,
Defendant-Appellant.

No. 74–1822.

United States Court of Appeals,
Seventh Circuit.

Argued March 31, 1975.

Decided May 30, 1975.

Certiorari Denied Oct. 14, 1975.
See 96 S.Ct. 189.

Philip S. Guistolise, Norman M. Garland, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Gary L. Starkman and John W. Cooley, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and CUMMINGS and SPRECHER, Circuit Judges.

SPRECHER, Circuit Judge.

The novel issue raised by this appeal is whether officially certified computer data compilations are self-authenticating.[1]

## I

Defendant Kenneth R. Farris was charged in a three-count indictment with wilfully and knowingly failing to file income tax returns for the calendar years 1969, 1970 and 1971 in violation of 26 U.S.C. § 7203. A jury found defendant guilty on all counts and the district court sentenced him to one year imprisonment on the first two counts, to be served consecutively, and one year imprisonment on count three to be served concurrently with the other sentences.

Defendant raised four issues on appeal: (1) it was error to admit into evidence the output of a computerized data system without showing the accuracy of the system even though such evidence was officially certified; (2) it was error to admit evidence of defendant's prior and subsequent acts of failure to file income tax returns; (3) the instructions as to specific intent were improper; and (4) it was error to exclude evidence supportive of defendant's good faith belief that he was not required to file income tax returns.

## II

The government introduced evidence of defendant's failure to file income tax returns during the years 1965 through 1973. Part of this evidence consisted of computer print-outs of defendant's tax records certified by the Secretary of the Treasury. The computer records were maintained at the National Computer Center at Martinsburg, West Virginia.

In regard to admissibility, 28 U.S.C. § 1733(b) provides that "[p]roperly authenticated copies or transcripts of any books, records, papers or documents of any department or agency of the United States shall be admitted in evidence equally with the originals thereof." Here the questioned documents were copies or transcripts of records of the Treasury Department of the United States.

The original records, the copies or transcripts of which are "equally" admissible, are admissible under 28 U.S.C. § 1733(a) "to prove the act, transaction or occurrence as a memorandum of which the same were made or kept."

In regard to whether the copies were "properly authenticated," Rule 27 of the Federal Rules of Criminal Procedure provides that "[a]n official record or an entry therein or the lack of such a record or entry may be proved in the same manner as in civil actions."

Civil actions are governed by Rule 44 of the Federal Rules of Civil Procedure which provides in subdivision (b) that:

A written statement that after diligent search no record or entry of a specified tenor is found to exist in the records designated by the statement, authenticated as provided in subdivision (a)(1) of this rule . . . is admissible as evidence that the records contain no such record or entry.

Fed.R.Civ.P. 44(b).

Rule 44(b) requires a "written statement" supported by the (a)(1) authentication. Here the statement by the Director of the National Computer Center of the Treasury Department reads as follows:

We have completed a search of our individual master file for a Kenneth R. Farris, SSN 542–44–5273. The results of this search are attached [the attachment consisting of computer print-outs

**1.** This issue has been affirmatively determined by the Federal Rules of Evidence, Pub.L. 93–595, 93d Cong., 2d Sess., approved January 2, 1975, and effective July 1, 1975. *See* Rules 803(6), (7), (8), (9) and (10), 902 and 1005.

indicating no filings of income tax returns for the years 1967, 1968, 1969, 1970 or 1971].

■ The statement complies with Rule 44(b) except that it does not include the word "diligent." We agree with the conclusion of the Tenth Circuit Court of Appeals in United States v. Dota, 482 F.2d 1005 (10th Cir.), cert. denied, 414 U.S. 1071, 94 S.Ct. 583, 38 L.Ed.2d 477 (1973):

> There has been substantial compliance with the rule, and reversing this case simply because the certificates failed to recite the word "diligent" would protect no substantial right of appellant and would indicate nothing but a total capitulation to form over substance. ·

Id. at 1007.

The Rule 44(a)(1) authentication requires a certificate that the officer making the statement has legal custody of the record. The certificate may be made by any public officer having a seal of office, authenticated by the seal of his office.

Here the certificate bears the seal of the Treasury Department affixed "[b]y direction of the Secretary of the Treasury" by the Acting Chief of the Disclosure Staff of the Internal Revenue Service and reads:

> I certify that the annexed is a true copy of a memorandum dated September 6, 1974, from the Director, National Computer Center, to the Acting Chief, Disclosure Staff, Internal Revenue Service, National Office, to which copies of transcripts of account concerning Kenneth R. Farris are attached on file in this Department.

In United States v. Merrick, 464 F.2d 1087 (10th Cir.), cert. denied, 409 U.S. 1023, 93 S.Ct. 462, 34 L.Ed.2d 314 (1972), the Tenth Circuit said:

> Copies authenticated by the IRS District Director in Denver, Colorado, were received in evidence. The Director certified that each copy is a true copy of the identified return "on file in this office." This is enough to satisfy the requirements of 26 U.S.C. § 7513(c), 28 U.S.C. § 1733(b), Rule 27, F.R.Crim.P., and Rule 44(a)(1), F.R. Civ.P.

Id. at 1092–93.

The defendant, however, has argued that the foregoing analysis does not apply where, as here, the copies or transcripts consist of what he calls "the output of a computerized data system." The answer is simply that when 28 U.S.C. § 1733(b) was enacted and when Rules 27 and 44 were promulgated records were not computerized as they are now. A statute or rule drafted now which refers to records or documents takes the computer age into consideration. When Rule 34 of the Federal Rules of Civil Procedure was amended in 1970, it spoke of the production of documents including "data compilations."

When the Federal Rules of Evidence were drafted in 1972, they provided for the admissibility of records, including "data compilations, in any form," to prove the nonoccurrence or nonexistence of a matter (Fed.R.Evid. 803(7)), self-authentication of public records "including data compilations in any form" (Fed.R. Evid. 902(4)) and the use of certified copies of public records "including data compilations in any form" (Fed.R.Evid. 1005).

The Advisory Committee's Note to Rule 803(6) where the term "data compilation" was first used in the Rules of Evidence, said:

> The expression "data compilation" is used as broadly descriptive of any means of storing information other than the conventional words and figures in written or documentary form. It includes, but is by no means limited to, electronic computer storage. The term is borrowed from revised Rule 34(a) of the Rules of Civil Procedure.

Fed.R.Evid. 803(6) (Advisory Committee's Note).

■ There was no error in admitting the self-authenticated official computer

print-outs.[2] It should be noted also that defendant testified on his own behalf and admitted on several occasions that he had filed no tax returns from 1965 through 1971 (Tr. 179, 183–85).

### III

■ Defendant argued that it was error to permit the government to introduce evidence of his failure to file returns in the years 1965 through 1968, 1972 and 1973, years before and after the three years for which he was charged. He also argued the impropriety of admitting evidence of his filing a return and obtaining a refund in 1964.

In United States v. Ming, 466 F.2d 1000 (7th Cir.), cert. denied, 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176 (1972), the defendant had been charged with wilfully and knowingly having failed to file federal income tax returns for the years 1963 through 1966. The government proved in addition that the defendant had failed to file returns for the seven preceding years of 1956 through 1962. Judge Hastings said:

> It is well established in this circuit that evidence of other related offenses is clearly admissible to prove knowledge and intent of a person accused of a crime. Here, the other offenses involved were *identical* to those charged. There was no hiatus between the preceding seven years and the four charged. The conduct of the seven immediately preceding years was relevant to the issue of knowledge and intent as tending to show a constant

pattern of conduct. This is the recent explicit holding of our court, authored by Senior Circuit Judge Duffy, in United States v. Hampton, 7 Cir., 457 F.2d 299 (1972). United States v. Marine, 7 Cir., 413 F.2d 214 (1969), and other relevant cases in this and other circuits as cited in *Hampton*, with comment.

*Id.* at 1009.

Here as in *Ming*, the other offenses involved were identical to those charged and there was no hiatus in regard to either the prior or subsequent offenses in relation to the indictment offenses. The district court gave a proper instruction explaining the limited purpose of this evidence.[3]

In regard to the 1964 filing, we previously held in United States v. McCabe, 416 F.2d 957 (7th Cir. 1969), cert. denied, 396 U.S. 1058, 90 S.Ct. 751, 24 L.Ed.2d 752 (1970), where the defendant was indicted for failure to file for 1960, 1961 and 1962 but evidence was adduced that he had filed returns in 1957, 1958 and 1959, that:

> The evidence referred to would amply support findings that defendant knew the law required him to file returns and that he deliberately failed to file without justifiable excuse.

*Id.* at 958.

The same rule applies here. Consequently, no error was committed in admitting the evidence regarding the years immediately prior to and subsequent to the years at issue.

---

**2.** Revenue Officer Demuro testified that these particular records were kept in the National Computer Center in Martinsburg, West Virginia, that it was part of the regular and ordinary course of business of the Internal Revenue Service to keep and maintain such records and that these records were kept and maintained in the regular course of such business. While this testimony would support introduction of the computer data under the business records act, 28 U.S.C. § 1732, it is superfluous under 28 U.S.C. § 1733.

**3.** The jury was instructed that:

The government has introduced evidence of prior and subsequent failures to timely file federal income tax returns not charged in the indictment.

This evidence has been admitted solely for the limited purpose of determining whether or not the defendant's failures to timely file tax returns for 1969, 1970 and 1971 were wilful. That is, you may consider evidence as to alleged earlier and subsequent acts of a like nature in determining the intent with which the accused did the act charged in the particular count.

## IV

Defendant's final two arguments were both based primarily upon the opinion of a panel of this court in United States v. McCorkle, 511 F.2d 477 (7th Cir. 1974), reversing a judgment of conviction. Subsequent to the briefs in the present case, this court sitting *en banc* reheard *McCorkle* and affirmed the judgment of conviction in United States v. McCorkle, 511 F.2d 482 (7th Cir.), petition for cert. filed, 43 U.S.L.W. 3603 (U.S. May 1, 1975).

■ The instruction given here in regard to the specific intent of wilfulness [4] does not differ in any material respect from the instructions on that subject in *McCorkle. Id.* at 484, n. 2. The instructions in both cases also contained virtually the same language making it clear that the defendant, to be found guilty, knew he was required to file returns. In both cases the evidence was undisputed that the respective defendant had such knowledge.

■ Finally, in both cases the argument was made that the trial court erroneously limited testimony sought to be adduced by each defendant to prove his claimed belief that he was not required to file income tax returns. We said in *McCorkle* that "essentially all of the testimony which McCorkle sought to introduce was of no relevance to whether McCorkle intentionally failed to file returns knowing that he was legally obliged to do so." *Id.* at 487. In the instant case the same observation applies and the trial court's limitation upon the introduction of such testimony was within his well-known sound discretion in this area. United States v. Lehman, 468 F.2d 93, 105 (7th Cir.), cert. denied, 409

U.S. 967, 93 S.Ct. 273, 34 L.Ed.2d 232 (1972).

For the foregoing reasons, the judgment of conviction is affirmed.

---

4. The jury was instructed that:

The specific intent of wilfulness is an essential element of the crime of failure to file an income tax return. The word "wilfully" used in connection with the offense means deliberately, and intentionally, and without justifiable excuse, or with the wrongful purpose of deliberately intending not to file the return which defendant knew he should have filed, in order to prevent the government from knowing the extent of his tax liability.

Defendant's conduct is not "wilful" if he acted through negligence, inadvertence or mistake, or due to his good faith misunderstanding of the requirements of the law.