917 F.2d 26
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
John W. HART and Vera M. Hart, Defendants/Appellants.
 No. 89-3527.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1990.
Decided Oct. 29, 1990.
 
 Before BAUER, Chief Judge, and EASTERBROOK, and MANION, Circuit Judges.
 
 ORDER
 
 1
 * John W. Hart did not file federal income tax returns for the 1976 through 1981 tax years. Pursuant to 26 U.S.C. Sec. 6212(a), the Internal Revenue Service assessed the amount owed and mailed notice of the deficiency to Hart. Hart then had 90 days to petition the Tax Court for a redetermination of the deficiency. 26 U.S.C. Sec. 6213(a), and he did not. An assessment was then made and recorded, 26 U.S.C. Sec. 6203, and a copy was sent to Hart demanding payment. 26 U.S.C. Sec. 6303. When Hart neglected to pay, a lien was created in favor of the government on all of his property. 26 U.S.C. Sec. 6321. The government instituted an action against Hart to reduce to judgment the federal tax assessments against him, to set aside an alleged fraudulent conveyance by Hart to his wife, Vera Hart, and to foreclose the outstanding federal tax liens that had attached to the fraudulently conveyed property. The district court, finding that the government had established its prima facie case against Hart and that Hart failed to show that the assessment was incorrect, granted the government's motion for summary judgment. The district court entered a final judgment awarding the government $295,787.16 plus interest accruing from August 7, 1989. In addition, the district court, holding that there was a fraudulent conveyance of certain real property and thus the federal tax liens attaching to that property were valid, ordered a foreclosure sale of the property.
 
 II
 
 2
 Although Hart does not contest the amount of the assessment on appeal, he presents four issues[1] on appeal: 1) whether the IRS issued a valid assessment in compliance with statutory and regulatory requirements; 2) whether the Certificates of Assessment and Payment are self-authenticating; 3) whether the IRS's failure to give notice of the assessment to Vera Hart deprived the district court of authority to determine the assessment issue; 4) whether the affidavit of Carl M. Peterson, Jr., Advisor of the Special Procedures Staff of Internal Revenue, failed to comply with Rule 56(e) of the Federal Rules of Civil Procedure.
 
 
 3
 Hart contends that a valid assessment does not exist because the government did not produce any primary documents. First of all, Hart argues that the IRS must follow certain steps in order for there to be a valid assessment, including transferring all totals to a Form 23-C Assessment Certificate. The government counters that the transcript of the Certificate of Assessments and Payments that it introduced complied with the requirements of section 6203 and the Treasury Regulations on Procedure and Administration, section 301.6203-1. The Certificate submitted by the government provided all of the necessary information, and the "23C" date on the transcript shows that an assessment certificate was signed by an assessment officer on a particular date. The law on this issue is settled. This court has held that a copy of the official Certificate of Assessments and Payments is sufficient evidence of the assessment, United States v. Miller, 318 F.2d 637, 639 (7th Cir.1963). The district court correctly considered the certified copies of the federal tax assessment.
 
 
 4
 Hart next argues that the district court erred in finding the Certificates of Assessment and Payments self-authenticating. His reasoning is that computer-generated assessments are insufficient under section 301.6203-1, which requires "signing the summary record of assessment." Again, the law is clear on this matter. This court has noted that the Federal Rules of Evidence provide for the admissibility of records, "including data compilations, in any form." United States v. Farris, 517 F.2d 226, 228 (7th Cir.1975) (citing Fed.R.Evid. 803(7), 902(4) and 1005). The Certificate introduced by the government satisfied the requirements of Federal Rule of Evidence 902(4) in that the Manager of the Transfer and Certification Unit of the IRS affixed the seal of that office and certified that the transcript was correct. The district court did not err in finding the computer-generated Certificate self-authenticating.
 
 
 5
 Next, Hart alleges a jurisdictional defect because his wife, Vera Hart, was not served notice and demand of payment. This argument is being raised for the first time on appeal. Because Hart failed to raise this issue in the district court, he has waived his right to present it on appeal. Gray v. Lacke, 885 F.2d 399, 409 (7th Cir.1989), cert. denied, 110 S.Ct. 1476 (1990). Nevertheless, the government has addressed this issue in its brief to demonstrate that it did not violate any procedural rules. Vera Hart was named as a defendant because she received a fraudulent conveyance--she was not assessed with a tax. Therefore, she was not entitled to notice under section 6303, which requires notice only "to each person liable for the unpaid tax."
 
 
 6
 Hart's final argument is that the affidavit of Carl M. Peterson, Jr. does not comply with Rule 56(e) of the Federal Rules of Civil Procedure because Peterson did not personally assess Hart's income taxes. While the affidavit only identifies Peterson's position in the IRS and states that Peterson swears to having personal knowledge of the facts therein, it does not clearly articulate the basis for this personal knowledge. Here that is not crucial. The affidavit was not submitted in support of the motion for summary judgment, but rather to facilitate the judge's determination of the judgment. The affidavit reflects the amounts and dates of assessments that were presented in the Certificate of Assessments and Payments, adding only the accrued penalties and assessments calculated according to the rates established under section 6621 of the Internal Revenue Code. 26 U.S.C. Sec. 6621. The judge could have applied those rates to arrive at the same figures without Peterson's affidavit. Hart is not alleging any errors in the amounts, only the existence of the affidavit, therefore, his argument fails.
 
 
 7
 For all of the above reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Vera Hart was a defendant below as the recipient of the fraudulent conveyance. She raises no issues on appeal