UNITED STATES of America,
Plaintiff–Appellee,

v.

Arthur H. RYAN, III, Defendant–
Appellant.

No. 91–2740.

United States Court of Appeals,
Seventh Circuit.

Submitted June 8, 1992.[1]

Decided June 17, 1992.

Published Opinion July 21, 1992.[2]

Barry R. Elden, Asst. U.S. Atty., Office of the U.S. Atty., Crim. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Arthur H. Ryan, Springfield Medical Center, Springfield, Mo., for defendant-appellant.

Before BAUER, Chief Judge, FLAUM and RIPPLE, Circuit Judges.

1. After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need or Oral Argument." *See* Fed. R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal was submitted on the briefs.

2. This case originally was decided by unpublished order under Circuit Rule 53. The plaintiff-appellee subsequently filed a motion requesting that the order be issued as a published opinion. The motion is hereby granted.

PER CURIAM.

A jury found Arthur Ryan guilty of five counts of federal income tax evasion, 26 U.S.C. § 7201, and five counts of failing to file federal income tax returns, 26 U.S.C. § 7203. The district court sentenced Mr. Ryan to one year of imprisonment to be followed by three years of supervised release. Mr. Ryan appeals his conviction *pro se*.[3] We affirm.

At Mr. Ryan's trial, the government sought to introduce computer print-outs of Ryan's tax records to prove that he had failed to file income tax returns during the years 1983 through 1987.[4] These computer print-outs were certified by the Chicago IRS director and maintained at the IRS's National Computer Center in Martinsberg, West Virginia. Defense counsel objected to the introduction of the computer print-outs on two grounds. First, the government had failed to produce the records until the day before trial. Second, the government failed to lay a proper foundation for admission of the print-outs. After allowing the parties one day to make additional arguments and cite to case-law, the district court overruled the defendant's objection and admitted the print-outs into evidence.

■ The district court's decision to admit the computer print-outs will be reversed only for an abuse of discretion. *United States v. Hartmann*, 958 F.2d 774, 782 (7th Cir.1992). We agree with the district court's conclusion that Mr. Ryan was not prejudiced by the government's delay in producing the computer print-outs. On appeal, Mr. Ryan argues that the government's untimely production of the comput-

er print-outs prejudiced him because the information contained in the print-outs was in coded form and as such was extremely difficult to decipher.

■ It is true that the computer print-outs were in coded form and that an IRS code book (6209 code book) was necessary to interpret them.[5] However, Mr. Ryan's claim that the delay in producing the print-outs denied him the opportunity to prepare a defense is not supported by the record. At trial, the district court offered defense counsel additional time to go over the 6209 code book and to prepare for cross-examination of IRS Special Procedures Staff Advisor Robert DerAvedisian, who testified about the information contained in the disputed documents. But, defense counsel rejected the court's offer. Instead, he indicated his willingness to proceed with his cross-examination of DerAvedisian and stated that "the only thing I need is to make sure that the witness has a copy of that [the 6209 code book] when he is testifying." The trial transcript reflects that DerAvedisian had a copy of the 6209 code book during cross-examination and that defense counsel vigorously cross-examined DerAvedisian about the coded information contained in the computer print-outs. Moreover, we cannot see how the admission of the computer print-outs prejudiced the defense when the government used them solely to prove that Mr. Ryan did not file tax returns during the years 1983 through 1987 and Mr. Ryan admitted during his direct examination that he did not file any tax returns during those years.

■ Next, Mr. Ryan argues that the district court abused its discretion by admitting the computer print-outs into evidence without a showing of the accuracy of the

3. On December 9, 1991, this court granted defense counsel's motion to withdraw.

4. Specifically, the government's evidence consisted of IRS-certified 1040 Form individual master file transcripts, which contain information, in IRS coded form, concerning federal income tax assessed against the taxpayer and any payments made by the taxpayer.

5. At trial, defense counsel also objected to the government's nondisclosure of a 6209 code book. The government responded that it is the IRS's policy not to turn over copies of these code books because they contain sensitive and

confidential information concerning the IRS's policies and procedures. Additionally, the government noted that there are copies of these books in existence. The district court ordered the government to give the defense a redacted version of the book, containing only those pages necessary to decode the disputed documents. Later during the trial, defense counsel disclosed that he had obtained a 6209 book prior to Mr. Ryan's trial. Thus, the district court concluded that Mr. Ryan was not prejudiced by the government's late disclosure of the code book. Although Mr. Ryan does not press this claim on appeal, we note that the district court did not abuse its discretion in finding no prejudice.

computer system which generated them. This contention is without merit. In *United States v. Farris*, 517 F.2d 226, 228–29 (7th Cir.), *cert. denied*, 423 U.S. 892, 96 S.Ct. 189, 46 L.Ed.2d 123 (1975), we held that the United States Treasury Department's certified computer records, which demonstrated that the defendant failed to file income tax returns, were admissible as self-authenticating documents. As in *Farris*, the disputed computer print-outs in this case were certified United States Treasury Department records, which established the defendant's failure to file tax returns. *Id.* at 227–28.

Mr. Ryan further argues that the disputed documents were not self-authenticating, despite their official certification, because they were generated by a computer. We specifically rejected this challenge in *Farris*. *See id.* at 228 (although computerized records were not in existence when the rules concerning self-authenticating documents were promulgated, "[a] statute or rule ... which refers to records or documents takes the computer age into consideration"). Mr. Ryan contends that *United States v. Weatherspoon*, 581 F.2d 595 (7th Cir.1978), overrules our decision in *Farris*, because it required computer generated records to be authenticated by testimony demonstrating the accuracy of the computer's input procedures. *Weatherspoon*, however, is distinguishable from this case. It concerned the admission of non-certified computer printouts compiled by the Veterans Administration, while *Farris* and this instant case concern the admission of certified records of the United States Treasury Department. Neither our decision in *Weatherspoon* nor any of Mr. Ryan's arguments persuade us to overrule our holding in *Farris*. The district court's admission of the computer print-outs was not an abuse of discretion.

■ Mr. Ryan's last contention is that under the Paperwork Reduction Act (PRA), 44 U.S.C. § 3501 *et seq.*, the district court could not penalize him for failing to file tax returns. The relevant portion of the PRA states that "Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to ... provide information to any agency if the information request form involved does not display a current control number [Office of Management and Budget (OMB) number]...." 44 U.S.C. § 3512. Information requests typically covered by the PRA "include tax forms, medicare forms, financial loan applications, job applications, questionnaires, compliance reports and tax or business records." *Dole v. United Steelworkers*, 494 U.S. 26, 110 S.Ct. 929, 108 L.Ed.2d 23 (1990). Mr. Ryan does not contend that the tax returns at issue in this case did not contain OMB control numbers. Rather, he argues that the IRS instruction booklet which he would have consulted had he filed a tax return did not contain an OMB number.

The PRA is not applicable to IRS instruction booklets, which merely assist the taxpayer in filling out a 1040 tax form, rather than independently request information from the taxpayer. *See Dole*, 494 U.S. at 40–41, 110 S.Ct. at 936–937 (in enacting the PRA, Congress intended that only independent requests for the collection of information be subject to its provisions); *United States v. Dawes*, 951 F.2d 1189, 1191 (10th Cir.1991) (IRS instruction booklets, like IRS regulations, are not information requests covered by the PRA because they are "subsidary to ... the tax form" and "function only to aid the taxpayer in providing the information required by the 1040 form"). *See also United States v. Hicks*, 947 F.2d 1356, 1359 (9th Cir.1991) (PRA does not constitute a defense to prosecution for failing to file federal income tax returns); *United States v. Kerwin*, 945 F.2d 92 (5th Cir.1991) ("Paperwork Reduction Act does not apply to the statutory requirement that a taxpayer must file a return"). Thus, the district court was not barred from imposing a penalty against Mr. Ryan for failing to file tax returns.

The judgment of the district court is Affirmed.