T.C. Summary Opinion 2009-31


UNITED STATES TAX COURT


KENYETTA EUYVONNE GILES HAYNES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 7337-07S, 7341-07S.    Filed March 5, 2009.


Kenyetta Euyvonne Giles Haynes, pro se.

<u>Karen Lynne Baker</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  These related cases were heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petitions were filed. Pursuant to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

These cases challenge the outcome of a January 19, 2007, Internal Revenue Service (IRS) Appeals collection hearing addressing the filing of a Federal tax lien pertaining to petitioner's unpaid Federal income tax liabilities for 1996, 1997, and 1999. As a result of the hearing on January 31, 2007, the IRS sent two notices of determination sustaining the lien, one notice combining 1996 and 1997 and the other for 1999. Petitioner timely filed petitions for 1996 and 1997 at docket No. 7337-07S and for 1999 at docket No. 7341-07S. After this Court granted respondent's motion to dismiss as to 1997 for mootness, the issues remaining for decision are: (1) Whether respondent is entitled to a summary adjudication with respect to sustaining the lien for 1996, (2) whether respondent abused his discretion in sustaining the lien for 1999, and (3) whether petitioner can raise the issue of her underlying income tax liability for 1999.

## Background

Some of the facts have been stipulated and are so found. In addition, some undisputed facts are contained in the declaration of the settlement officer in support of respondent's motion for summary judgment at docket No. 7337-07S, and likewise they are also found. The stipulation of facts, the attached exhibits, and the declaration of the settlement officer are incorporated herein

by this reference.  Petitioner resided in Illinois when she filed her petitions.

Petitioner's tax liabilities arose in the following manner. With respect to 1996, petitioner timely filed her 1996 Federal income tax return reporting an overpayment of $4,072.  The IRS applied $2,479 of the overpayment to petitioner's unpaid income tax liabilities for 1991, 1992, and 1993 and refunded the remaining $1,593.

Regarding 1997, petitioner timely filed her 1997 income tax return reporting an overpayment of $4,096, which the IRS refunded.

The IRS examined petitioner's 1996 and 1997 returns and mailed a notice of deficiency dated September 22, 2000, to petitioner.  The notice determined deficiencies in petitioner's Federal income taxes of $4,704 and $4,582 for 1996 and 1997, respectively, and accuracy-related penalties pursuant to section 6662(a) for 1996 and 1997 of $2.80 and $198.40, respectively. Petitioner did not file a petition with this Court seeking redetermination of the deficiencies and the accuracy-related penalties.

Thereafter, on February 19, 2001, respondent assessed taxes, penalties, and interest for 1996 and 1997.  The IRS sent petitioner levy collection notices during 2001 and 2003 attempting to collect the unpaid income tax liabilities for 1996

and 1997. On or about October 23, 2003, petitioner entered into an installment agreement for 1996 and 1997 with the IRS. From October 2003 to August 2005 petitioner made installment payments of usually $200 but occasionally $176, and the IRS credited the payments to petitioner's 1996 and 1997 unpaid income tax liabilities.[1]

With regard to 1999, on or about April 15, 2000, petitioner timely filed an extension that extended the due date of her 1999 income tax return until August 15, 2000. However, petitioner did not meet the extended filing date. On April 28, 2005, the IRS prepared a substitute 1999 income tax return based on Form W-2, Wage and Tax Statement, and Forms 1099-MISC, Miscellaneous Income, that respondent had received. Respondent calculated income tax of $35,717 before credit for Federal income tax withholding.

On July 19, 2005, the IRS mailed a notice of deficiency to petitioner determining a deficiency in income tax of $35,717 for 1999, together with the following additions to tax: Section 6651(a)(1) (failure to file a return), section 6651(a)(2) (failure to pay tax shown on return), and section 6654 (failure to pay estimated income tax) of $5,816.70, $6,463, and $178,

---

[1]The record is silent as to why petitioner stopped making installment payments after August 2005 with unpaid balances remaining for 1996 and 1997. However, as explained below, respondent sent petitioner a notice of deficiency for 1999 in July 2005.

respectively. Respondent could not produce either a copy of the notice of deficiency mailed to petitioner or a certified mailing list showing the mailing of a notice of deficiency to petitioner. However, at trial the Court received into evidence a certified Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, showing that respondent mailed to petitioner the notice of deficiency on July 19, 2005. Petitioner did not petition this Court for redetermination of the deficiency and the additions to tax. Consequently, on December 26, 2005, respondent assessed the above amounts and accrued interest of $13,157.31.

Earlier, on December 12, 2005, the IRS office in Chicago, Illinois, received petitioner's 1999 joint income tax return reporting income tax of $21,684 before withholding credit, which is $14,033 less than the income tax that the IRS calculated on the substitute income tax return. Petitioner's tax preparer dated the return May 2, 2001. Petitioner and her husband also signed the return, but they did not date their signatures.

As noted above, on January 31, 2006, respondent filed a Federal tax lien for petitioner's unpaid income tax liabilities of $2,794.09, $5,050.18, and $52,477.87 for 1996, 1997, and 1999, respectively. On February 1, 2006, respondent sent petitioner a notice of Federal tax lien filing, which notified petitioner of the lien filing and her right to a collection hearing under section 6320 to appeal the collection action and to discuss

payment method options.  Petitioner timely submitted Form 12153, Request for a Collection Due Process Hearing, requesting a hearing to appeal the notice of Federal tax lien pertaining to all 3 years, 1996, 1997, and 1999.

In the ensuing weeks petitioner conducted telephone discussions with respondent to discuss her 1999 tax liability. The IRS accepted petitioner's late-filed 1999 joint income tax return which resulted in the IRS's abating $14,033 of income tax liability, which in turn caused proportional abatements of additions to tax under section 6651(a)(1) and (a)(2) of $3,157.43 and $3,508.25, respectively.  Respondent also abated $6,822.79 in interest.

With regard to petitioner's request for a hearing, respondent assigned the case to a settlement officer, who scheduled an appointment for a collection hearing on November 21, 2006, in Chicago.

Petitioner filed 2004 and 2005 joint Federal income tax returns claiming overpayments on both.  On or about July 17, 2006, respondent applied $3,717 and $1,698 of petitioner's 2004 and 2005 overpayments, respectively, to the unpaid tax liability for 1997 which reduced petitioner's 1997 liability to zero.

Petitioner arrived on November 20, 2006, at the IRS Chicago Appeals Office 1 day before the collection hearing, and spoke to the acting Appeals team manager.  Petitioner explained that she

was unable to keep the conference appointment scheduled for the next day. The IRS rescheduled the hearing for January 19, 2007.

In the interim, on December 13, 2006, petitioner faxed to the IRS an amended joint income tax return for 1999 reporting less income for 1999.

On January 19, 2007, petitioner met face to face with the settlement officer and an assisting Appeals officer who attended to provide technical assistance. Neither officer had any prior involvement in the case before petitioner's request for a collection hearing.

At the hearing, petitioner raised as an issue the underlying income tax liability for 1999. Petitioner's argument is as follows. Petitioner's father died in 1998 owning two individual retirement accounts (IRAs) totaling $50,146 with petitioner as his designated beneficiary. During 1999 petitioner requested distributions of the entire $50,146, and she arranged transfer of the funds into her checking account. Petitioner kept or spent a portion of the funds for herself and sent a portion to her brother and mother. On her 1999 tax return petitioner included the $50,146 in income. However, petitioner now maintains that the amounts she sent to relatives should not be includable as income, thereby reducing the 1999 income she previously reported. This argument is the basis for petitioner's preparation of an amended income tax return for 1999.

The assistant Appeals officer rejected petitioner's argument regarding the noninclusion of the IRA income distributions. Petitioner did not discuss any matters pertaining to the lien, and she did not raise collection alternatives or any other issues. The hearing then came to a close.

In two separate but otherwise identical notices of determination dated February 23, 2007, one for 1996 and 1997 and the other for 1999, the settlement officer sustained the filing of the lien for 1996, 1997, and 1999. On March 29, 2007, petitioner timely filed two separate but otherwise identical petitions with the Court, one for 1996 and 1997 at docket No. 7337-07S and the other for 1999 at docket No. 7341-07S. On both petitions petitioner checked two boxes indicating the relief she is seeking: (1) "Petition for Redetermination of a Deficiency", and (2) "Petition for Lien or Levy Action".

However, from the record it is clear that petitioner intended to file the petitions to contest the underlying liability for 1999 and to argue that respondent abused his discretion by not releasing the lien covering all 3 years.

These cases were calendared for trial at the Court's trial session in Chicago beginning February 25, 2008.

With respect to docket No. 7337-07S, on December 3, 2007, respondent filed a motion for summary judgment pursuant to Rule 121 requesting an adjudication in respondent's favor for 1996 and

1997. Respondent argued specifically that petitioner did not raise any material facts disputing that the IRS had complied with all the procedural requirements for conducting a collection hearing. The declaration of the settlement officer stated that at the collection hearing petitioner discussed only her underlying liability for 1999 and did not propose any collection alternatives. In summary, respondent alleges that because no material facts are in dispute with respect to 1996 and 1997, respondent is entitled to a summary adjudication as a matter of law. The Court gave petitioner an opportunity to file a response before trial, which she did not do.

The cases were called from the trial calendar on February 25, 2008. Both petitioner and respondent appeared and were heard. The Court heard arguments with regard to respondent's motion for summary judgment for 1996 and 1997 and conducted a trial with regard to 1999.

On April 1, 2008, petitioner filed an objection to respondent's motion for summary judgment regarding 1996 and 1997, requesting that the Court deny respondent's motion because: (1) Her 1997 liability is now paid in full; and (2) her unpaid liability for 1996 has become "a material fact in dispute" because respondent did not apply credits for overpayments to the oldest year first; i.e., in this instance, to 1996 before 1997.

On April 21, 2008, respondent filed a response to petitioner's objection to the motion for summary judgment and filed a motion to dismiss as to 1997 as moot because petitioner no longer had an unpaid liability for the year and respondent would no longer take collection action regarding 1997. In an order dated April 28, 2008, this Court granted respondent's motion to dismiss as to 1997 on the ground of mootness.

## Discussion

Section 6320 provides generally that the Commissioner may not proceed with the collection of taxes by filing a Federal tax lien until the Commissioner has given the taxpayer notice of the filing and the opportunity for a fair hearing with an impartial Appeals officer. Section 6320(c) provides that for the purposes of conducting a hearing, "subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 [a hearing for a levy collection action] shall apply".

Section 6330(c)(1) requires that the Appeals officer obtain verification that the Commissioner has met the requirements of applicable laws or administrative procedures, such as timely notice. Section 6330(c)(2)(A) provides that the taxpayer may raise any relevant issue related to the unpaid tax including spousal defenses, challenges to the appropriateness of collection actions, and alternatives to collection. The taxpayer may also raise challenges to the existence or amount of the underlying tax

liability, but only if he did not receive a notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability.  Sec. 6330(c)(2)(B); Behling v. Commissioner, 118 T.C. 572, 576 (2002).

Section 6330(c)(3) provides that in making a determination, the Appeals officer must take into consideration the procedural verifications under section 6330(c)(1) mentioned above, the issues raised by the taxpayer, and whether the proposed collection action properly balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. If the taxpayer is dissatisfied with the Appeals officer's determination, the taxpayer may seek judicial review of the determination, such as the review petitioner sought in these cases.  See generally Goza v. Commissioner, 114 T.C. 176, 179-181 (2000).

Where the taxpayer challenges a collection hearing determination, the Court will review the matter for abuse of discretion.  Hoyle v. Commissioner, 131 T.C. __, __ (2008) (slip op. at 5-6); Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, supra at 181-182.  To prevail under abuse of discretion, the taxpayer must prove that the Commissioner exercised his discretion arbitrarily, capriciously, or without

sound basis in fact or law. Sego v. Commissioner, supra at 610; Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Respondent has moved for summary judgment for 1996. When the pertinent facts are not in dispute, a party may move for summary judgment to expedite the litigation and avoid an unnecessary and potentially expensive trial. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment where no genuine issue exists as to any material fact, and where the Court may render a decision as a matter of law. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The party moving for summary judgment (in this instance, respondent) bears the burden of showing that no genuine issue exist as to any material fact and the Court will draw factual inferences in the manner most favorable to the party opposing summary judgment (here, petitioner). New Millennium Trading, L.L.C. v. Commissioner, 131 T.C. __, __ (2008) (slip op. at 6); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

Respondent demonstrated that the settlement officer did not have previous involvement in the case, complied fully with the applicable requirements of sections 6320 and 6330, and reasonably concluded that the lien was no more intrusive than necessary.

Petitioner on the other hand brought up no new facts at the collection hearing. The only issue that she raised at the hearing was her underlying liability for 1999. She did not discuss the lien, did not raise collection alternatives, did not claim spousal defenses, and did not assert financial hardship. Rule 121(d) provides that "an adverse party may not rest upon the mere allegations or denials" but instead "must set forth specific facts showing that there is a genuine issue for trial." Petitioner has simply not shown that respondent abused his discretion.

We hold that petitioner's argument with respect to respondent's application of credits from the 2004 and 2005 overpayments to 1997 instead of 1996, raised in her objection to respondent's motion, is without merit. Section 6402(a) authorizes the Commissioner to apply overpayments against any income tax liabilities of the taxpayer. See sec. 301.6402-1, Proced. & Admin. Regs. (the Commissioner may credit any overpayment of tax against any outstanding liability that the taxpayer making the overpayment owes); N. States Power Co. v. United States, 73 F.3d 764, 767 (8th Cir. 1996) (holding that under section 6402, the Commissioner clearly may credit an overpayment against any liability); Pettibone Corp. v. United States, 34 F.3d 536, 538 (7th Cir. 1994) (holding that the

statute grants the Commissioner discretion to apply overpayments to delinquencies or to refund them to the taxpayer).

Accordingly, drawing all factual inferences against respondent as the moving party, we find that no genuine issue of material fact exists that requires a trial for 1996. We hold as a matter of law that respondent is entitled to summary adjudication for 1996.

With respect to 1999, under the same rationale we find that respondent's determination to sustain the lien was not arbitrary, capricious, or without a sound basis in fact or law.

Regarding petitioner's right to contest her 1999 underlying tax liability, petitioner contends that she never received a notice of deficiency for 1999. However, when petitioner arrived on November 20, 2006, 1 day early for the collection hearing, the acting Appeals team manager asked petitioner whether she had received a notice of deficiency for 1999 and petitioner stated that she had received one. Additionally, respondent's certified Form 4340 is a self-authenticating document providing sufficient evidence that respondent mailed a notice of deficiency to petitioner. See United States v. Ryan, 969 F.2d 238, 239-240 (7th Cir. 1992); Craig v. Commissioner, 119 T.C. 252, 262 (2002); Roberts v. Commissioner, 118 T.C. 365, 371 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Davis v. Commissioner, 115 T.C. 35, 40 (2000).

Accordingly, because we find that petitioner received a notice of deficiency for 1999 and did not timely petition the Court for redetermination, the issue of petitioner's underlying liability for 1999 is not properly before the Court.  See <u>Behling v. Commissioner</u>, 118 T.C. at 576.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we conclude they are without merit, irrelevant, and/or moot.

To reflect our disposition of the issues,

> <u>An appropriate order and decision will be entered for respondent in docket No. 7337-07S, and decision will be entered for respondent in docket No. 7341-07S</u>.