T.C. Summary Opinion 2009-136

UNITED STATES TAX COURT

TIMOTHY P. SZULCZEWSKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20264-06S.          Filed September 2, 2009.

Timothy P. Szulczewski, pro se.

<u>Laura L. Buckley</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Pursuant to section
7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent
for any other case.  Unless otherwise indicated, subsequent

section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether respondent abused his discretion in sustaining the filing of a notice of Federal tax lien for collection of petitioner's unpaid 2002 tax liability.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided at Birch Hill Drive in California when he filed his petition.

Petitioner worked and as of the date of trial continued to work as a union dockworker for Roadway Express, Inc. (Roadway), loading and unloading ships at the Port of Long Beach and driving trucks to several of the corporation's facilities. Petitioner's job required him to travel periodically away from home. He married and had two children, one born in 1992 and the other in 1994. In 1997 petitioner "blew out" his shoulder on the job and was unable to work for the next 5 years. He began receiving Social Security disability benefits of approximately $1,300 per month and continued to receive the Social Security benefit at least through 2005.

The physical and financial strains took their toll. On August 21, 2000, petitioner and his wife divorced. She left the children in petitioner's primary physical custody and moved to

Rhode Island. Petitioner also underwent a chapter 13 bankruptcy. Petitioner owned a house on Birch Hill Drive until December 2, 2002, when the bankruptcy trustee sold petitioner's house to petitioner's brother, who allowed petitioner to continue to reside there as a tenant.

Petitioner returned to work at Roadway in 2002 earning gross wages of $34,606. Meanwhile, his union representative researched petitioner's out-of-work circumstances and determined that petitioner was entitled to union disability benefits of approximately $700 per month from the date of injury in 1997. As a result petitioner received from Prudential Insurance Co. of America (Prudential), the carrier for the union's disability and pension fund, a distribution of $40,884 in 2002 compensating him for the past 5 years of unpaid disability benefits. Petitioner continued to receive the monthly benefit from Prudential at least through 2005.

The Court received in evidence a copy of petitioner's self-prepared 2002 tax return. On the return petitioner listed Birch Hill Drive as his address and dated his signature August 14, 2003. Petitioner filed as a head of household, claiming his two children as dependents. Petitioner reported adjusted gross income of $56,034, consisting of wages of $34,606, interest income of $12, taxable Social Security benefits of $13,148, and $8,268 of disability benefits, the latter amount representing 1

year of disability benefits.  Petitioner claimed total itemized deductions of $29,325 comprising $5,358 in State and local, real estate, and personal property taxes; $23,480 in mortgage interest; and $487 in charitable contributions.  Petitioner also claimed dependency exemption deductions for his two children, a child tax credit of $1,200, and a dependent care credit of $960.  With respect to the attached Form 2441, Child and Dependent Care Expenses, petitioner listed Rachel Ortega at a Flintlock Road address as the provider of the child care.  The 2002 return shows no income tax due and an overpayment of $14 resulting from withholding for 2002.

According to a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters (certificate of assessments) for 2002 received into evidence, the Internal Revenue Service (IRS) timely received an automatic extension request from petitioner to file his 2002 Federal income tax return, but has no record of receiving petitioner's 2002 Federal income tax return.

Because the IRS had no record that petitioner filed a 2002 Federal income tax return, on May 27, 2004, the IRS prepared a substitute for return (SFR) for 2002.  The SFR shows adjusted gross income for 2002 of $88,648, consisting of wages of $34,605, interest of $12, taxable Social Security disability benefits of $13,147, and the distribution from Prudential of $40,884.  The

IRS allowed a single exemption and a standard deduction, resulting in a tax due of $18,599, and showing $14 in Federal income tax withholdings.

According to petitioner, in or about July 2004 he moved about 5 miles away from Birch Hill Drive to live with his girlfriend on Flintlock Road. At the time of his move petitioner did not notify the IRS of his change of address; however, petitioner stated that he notified the U.S. Postal Service (Postal Service or PS) of his address change.

About a month earlier petitioner had received a letter dated June 6, 2004, addressed to him at Birch Hill Drive, from the IRS Service Center in Holtsville, New York, requesting that he provide his 2002 Federal income tax return to Holtsville with the top portion of the letter attached.

The Court received into evidence a copy of a completed PS Form 3800, Certified Mail Receipt, and a completed PS Form 3811, Domestic Return Receipt. The identifying 20-digit certified mail numbers on the two Postal Service forms are identical, confirming that petitioner sent an envelope to the IRS Service Center in Fresno, California, on August 15, 2004, and that the IRS Fresno Service Center received the same envelope on August 23, 2004. According to petitioner the envelope contained the copy of his 2002 Federal income tax return that Holtsville had requested, and that on or about the same date, August 15, 2004, he timely mailed

his 2003 Federal income tax return to Fresno reporting his address as Flintlock Road. Respondent has no record of receiving petitioner's 2003 Federal income tax return, and at trial petitioner did not offer a copy of his 2003 return into evidence.

The 2002 certificate of assessments has an entry that the IRS issued a notice of deficiency for 2002 on August 31, 2004, to petitioner. Because petitioner did not file a petition with this Court seeking a redetermination of his 2002 Federal income tax deficiency, on February 21, 2005, the IRS assessed the following amounts for 2002: (1) $18,599 in Federal income tax, (2) $1,950 in interest, (3) $4,182 for failure to file a tax return, (4) $2,137 for failure to pay tax, and (5) $621 for failure to pay estimated tax.

Attempting to collect petitioner's unpaid Federal income tax liability for 2002, the IRS sent a notice of intent to levy dated June 11, 2005, by certified mail to petitioner at the Birch Hill Drive address. The Postal Service could not complete the delivery, and on or about August 23, 2005, returned the unclaimed envelope to the IRS.

On November 14, 2005, the IRS mailed a final notice of levy to petitioner at the Birch Hill Drive address. On February 3, 2006, the IRS received the first of three levy payments of $206.55 from Roadway. The IRS posted the second and third payments on March 3 and April 3, 2006, respectively. The IRS

also attempted to levy on petitioner's Social Security disability benefits.

On or before February 17, 2006, after the first IRS levy, petitioner called the IRS telephone number that Roadway's payroll department had given him, talked to an IRS representative about the levy action, and informed the IRS representative that Flintlock Road, not Birch Hill Drive, was his correct address.

Nonetheless, the IRS prepared two separate Notices of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, both addressed to petitioner at his former Birch Hill Drive address and both noting they were being sent by certified mail. One notice was dated February 17, 2006, and the other notice was dated February 23, 2006, but otherwise both notices contained nearly identical information.  The certificate of assessments shows that the IRS sent only one notice, the one dated February 23, 2006, to petitioner.  The notices state in relevant part that the IRS had filed on February 14, 2006, at the County Recorder for Los Angeles County, California, a Federal tax lien for $27,268, which was the current unpaid balance of petitioner's assessed 2002 tax liability.

The residents living at Birch Hill Drive forwarded the notice of Federal tax lien filing to petitioner, who in turn timely sent Form 12153, Request for a Collection Due Process Hearing, dated March 23, 2006, to the IRS explaining that he

disagreed with the lien filing because his "tax return for 2002 was sent to and received by the IRS". On the Form 12153 petitioner listed Flintlock Road as his address.

In response the IRS Appeals Office mailed three letters dated April 26, May 30, and June 22, 2006, to petitioner at his Flintlock Road address, which were apparently the first instances where the IRS used petitioner's Flintlock Road address. In the letters respondent offered petitioner an "opportunity for a conference by personal interview" and noted that for Appeals to consider collection alternatives petitioner had to submit his delinquent Federal income tax returns and a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. Petitioner did not respond to the letters from Appeals, and he did not provide the information Appeals requested.

In a notice of determination dated September 1, 2006, addressed to petitioner at Flintlock Road, sent by certified mail from the IRS Fresno, California, Appeals Team Manager, Appeals sustained the filing of the notice of Federal tax lien because Appeals found that: (1) The IRS had met all the legal and administrative requirements for the collection action, (2) the collection action properly balanced the need for the efficient collection of taxes with the legitimate concern that the collection action be no more intrusive than necessary, and (3)

petitioner had not established grounds for a withdrawal of the lien.  Petitioner received the notice of determination from his girlfriend, who was still residing at the Flintlock Road address and who signed for the certified mail delivery.

Petitioner, listing Birch Hill Drive as his address, timely petitioned the Court with respect to respondent's notice of determination.  At trial, petitioner did not call any witnesses. Respondent called Maria Vargas, a paralegal in respondent's Office of Chief Counsel in California.  Respondent called no other witnesses and could not produce a copy of the notice of deficiency for 2002 or a PS Form 3877.  The Court concluded the trial and closed the record.

Discussion

Petitioner's sole challenge, in his petition, to respondent's notice of determination is that he never received a hearing in response to the lien filing where he could discuss his underlying Federal income tax liability for 2002.  Petitioner argues that if he had a hearing, he would show respondent that he did not have a balance due for 2002, and therefore, respondent should cease all collection actions related to 2002.

Respondent counters that the Court should sustain the notice of determination for 2002 because:  (1) The IRS Appeals office in Fresno, California, offered petitioner multiple opportunities to meet with an Appeals officer to discuss the circumstances

surrounding the filing of a notice of Federal tax lien for 2002 and to discuss collection alternatives; (2) petitioner never responded to the offers from the Appeals Office; (3) petitioner failed to provide the missing tax returns and the financial information that the Appeals office had requested; and (4) the Appeals officer did not find and petitioner did not provide any valid reason why respondent should withdraw the notice of Federal tax lien.

Respondent argues additionally that petitioner had two prior opportunities to challenge the underlying liability for 2002, in each instance petitioner failed to take advantage of the opportunity, and therefore petitioner's underlying liability for 2002 was not properly at issue when the Appeals officer offered a collection hearing. According to respondent, petitioner's first opportunity arose when the IRS properly mailed the 2002 notice of deficiency dated August 31, 2004, by certified mail to petitioner at his last known address--Birch Hill Drive. Petitioner failed to petition the Tax Court seeking a redetermination. Respondent contends the second opportunity occurred when the IRS sent by certified mail to petitioner at his Birch Hill Drive address the notice of intent to levy dated June 11, 2005, seeking to collect petitioner's unpaid 2002 Federal income tax liability. The Postal Service returned the levy notice unclaimed to the IRS, and

petitioner failed to request a hearing with respondent's Appeals office.

Regardless of the parties' contentions the threshold issue is whether respondent's assessment of the 2002 Federal income tax liability is valid.  Respondent's arguments presuppose that the Secretary mailed a valid notice of deficiency and that petitioner failed to timely petition this Court seeking a redetermination, thereby permitting the IRS to assess the deficiency.  Petitioner did not file a petition with this Court for redetermination within 90 days of the purported mailing date of the notice of deficiency.  In fact petitioner emphasizes that he never received a notice of deficiency.

Respondent may collect the unpaid Federal income tax deficiency only if respondent properly assessed the income tax deficiency.  Generally, except as otherwise provided, the Secretary may not assess a deficiency in tax unless the Secretary has first mailed a notice of deficiency to the taxpayer.  Sec. 6213(a); Butti v. Commissioner, T.C. Memo. 2008-82.  None of the statutory exceptions set forth in section 6213(a) applies here.

When the Secretary determines that a deficiency in tax exists, he is authorized to send a notice of deficiency to the taxpayer by certified or registered mail addressed to the taxpayer at the taxpayer's last known address.  Sec. 6212(a) and (b).  However, where a taxpayer maintains that he did not receive

a notice of deficiency and the Commissioner is unable to produce a copy of the notice, then the Commissioner "[bears] the burden of establishing both the existence of a notice of deficiency [mailed] to petitioners for * * * [the] year as well as the date of its mailing." Pietanza v. Commissioner, 92 T.C. 729, 736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991). The Commissioner must "introduce evidence showing that the notice of deficiency was properly delivered to the Postal Service for mailing." Coleman v. Commissioner, 94 T.C. 82, 90 (1990).

We examine respondent's evidence, noting that we decide the issue on the basis of the preponderance of the evidence. See Sego v. Commissioner, 114 T.C. 604, 611 (2000); Casey v. Commissioner, T.C. Memo. 2009-131. Respondent did not produce at trial a copy of the notice of deficiency or a PS Form 3877. Instead, to meet his burden respondent relies on paragraph 13 of the stipulation of facts, the certificate of assessments, and the testimony of Ms. Vargas.

With respect to the stipulation of facts, the parties stipulated that on August 31, 2004, the IRS mailed the notice of deficiency to petitioner by certified mail to petitioner's last known address. However, in the very next sentence the parties stipulated further that "Petitioner claims he did not receive the Statutory Notice dated August 31, 2004." We relieve petitioner

of his stipulation regarding respondent's mailing of the notice. Since the fundamental basis of petitioner's argument is that he did not receive the notice of deficiency, he would have no knowledge as to when, how, where, or if respondent sent a notice. See Rule 91(e); Jasionowski v. Commissioner, 66 T.C. 312, 318 (1976) ("We do not lightly disregard facts to which the parties have stipulated; however, where such facts are clearly contrary to facts disclosed by the record, we refuse to be bound by the stipulation.").

Next we address the certificate of assessments, which shows an entry, without elaboration, that the IRS sent a notice of deficiency on August 31, 2004. Ordinarily, a certified certificate of assessments is a self-authenticating document providing sufficient evidence that the Commissioner mailed a notice of deficiency. See United States v. Ryan, 969 F.2d 238, 239-240 (7th Cir. 1992); Craig v. Commissioner, 119 T.C. 252, 262 (2002). However, in instances as here where the taxpayer challenges the existence of the notice of deficiency and the Commissioner fails to produce a copy of the notice, the Commissioner must produce additional corroborating evidence.

Typically the Commissioner produces a PS Form 3877. Among other information PS Form 3877 shows a taxpayer's name and address included among the list of mail recipients for a particular day's batch of mailed notices of deficiency, the type

of delivery method used, e.g., certified mail, and the signature of a Postal Service employee.  Where the taxpayer does not dispute the existence of the notice of deficiency, the Commissioner's production of a properly completed PS Form 3877 is sufficient evidence by itself, absent evidence to the contrary, that the Commissioner properly mailed the notice of deficiency to the taxpayer.  United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984);[1] Coleman v. Commissioner, supra at 91.  The Secretary's strict compliance with PS Form 3877 mailing procedures raises a presumption of official regularity in favor of the Commissioner.  United States v. Zolla, supra; Coleman v. Commissioner, supra.

However, as here where the taxpayer disputes the existence of the notice of deficiency, PS Form 3877 by itself is no longer sufficient to establish the presumption of regularity that the Secretary mailed the notice of deficiency to the taxpayer.  Butti v. Commissioner, supra.  Instead the Commissioner must come forward with additional evidence, such as testimonial habit evidence of mailing procedures.  Coleman v. Commissioner, supra at 92.  We note again that in this case respondent failed to produce a PS Form 3877.

---

[1]If this case were appealable, which it is not because petitioner elected sec. 7463(b) small tax case procedures, the appeal would lie in the Court of Appeals for the Ninth Circuit.

With respect to testimonial evidence, respondent called Ms. Vargas, a paralegal in respondent's Office of Chief Counsel. Ms. Vargas testified that according to her review of an IRS computer database entitled "IMF Entity Module", three pages of which she printed out on the morning of trial and which the Court received into evidence, petitioner's last known address was Birch Hill Drive when respondent issued the notice of deficiency on August 31, 2004. Ms. Vargas explained that according to the module, Birch Hill Drive continued to be petitioner's last known address until the final week of February 2006 when the IRS changed petitioner's last known address to Flintlock Road, presumably in response to petitioner's telephone instruction.

Respondent failed to establish that Ms. Vargas had any knowledge with respect to the preparation or mailing of notices of deficiency. Consequently, respondent may not properly rely on the testimony of Ms. Vargas to establish a presumption of regularity with respect to his mailing practices, and accordingly her testimony is not helpful to respondent in meeting his burden of proving the existence of a notice of deficiency for 2004 or its proper mailing. A 90-day letter clerk or mailroom official would have been more appropriate for establishing respondent's customary preparation and mailing practices. Coleman v. Commissioner, supra at 92-94 (testimony from a district statutory notice coordinator and a 90-day clerk was probative habit

evidence); August v. Commissioner, 54 T.C. 1535, 1537-1538 (1970) (testimony by a chief mail room clerk was persuasive); Clough v. Commissioner, 119 T.C. 183 (2002) (declarations by an IRS Service Center custodian of records and a Postal Service mail processing clerk were corroborating evidence). When the existence of a notice of deficiency is at issue, proper testimonial evidence of customary mailing practices is critical to defeat a taxpayer's denial of receipt. Pietanza v. Commissioner, 92 T.C. 729 (1989); Butti v. Commissioner, T.C. Memo. 2008-82.

Therefore, weighing the totality of the evidence in the record we find that respondent has failed to meet his burden of proving that he properly mailed a notice of deficiency to petitioner at petitioner's last known address using certified or registered mail. Consequently the assessment here is invalid and respondent is prohibited from conducting collection activity. It follows that we are unable to sustain respondent's determination to proceed with collection by the filing of a notice of Federal tax lien. Because the assessment is invalid, we need not address any other of the parties' contentions.

To reflect our disposition of the issue,

Decision will be entered
for petitioner.